**INDEPENDENT PIER CO. et al. v. NORTON, Deputy Commissioner, et al. (two cases).**

**Nos. 8807, 8809.**

District Court, E. D. Pennsylvania.

Sept. 6, 1935.

Supplemental Opinion Sept. 9, 1935.

Ralph N. Kellam, of Philadelphia, Pa., for plaintiffs.

Abram Orlow, of Philadelphia, Pa., for defendant Adolph Kitlas.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., for defendant A. P. Norton.

DICKINSON, District Judge.

Leave was given to file briefs in these causes, which have now been received. There are two cases which were heard together.

The procedure is the ordinary one of a review of the orders of the commissioner. Motions were made to dismiss the bills because of some failure to comply with the technical rules of pleading enforced by the rules in equity. These motions were disposed of by granting leave to the real plaintiff to correct the formalities of his bill in the features criticized. There were practical reasons for promptly disposing of the cause on its merits.

It was stipulated at bar that the real plaintiff should correct the formal defects in his bills and the cause be heard on the bills as thus amended and the defense that the bills should be dismissed for want of equity.

The case is unique, in that the workman in whose favor the orders were made was the victim of two separate and independent injuries suffered in succession.

When the first injury was sustained, he was in the employ of the Independent Pier Company. When the second injury was received, he was in the employ of Murphy Cook & Co. After receipt of the first injury, he applied for a compensation, which was awarded to him by a former commissioner. There was a limitation in the time for which the compensation was awarded on the theory that the injury no longer continued. The injured workman asked to have the order made reopened, and it was found that the injury was a continuing one, and the compensation order was changed accordingly. This award was against the Independent Pier Company. The workman had entered the employ of Murphy Cook & Co. and was the victim of a second injury affecting the same parts of his body as that affected by the first injury. He made application for compensation in which an order was also entered.

In case No. 8807, which complains of the order made in the case originally heard by Commissioner Monahan, the objections to the order are: (1) That the commissioner was without authority of law to change the order entered by Commissioner Monahan, and that the order so made has become final, and (2) that the commissioner erred in his fact findings as to the duration of the injuries first sustained.

It has been repeatedly ruled that the court on a review does not reweigh the evidence before the commissioner in order to substitute its own findings for those the commissioner has made. This reduces the complaint to the one of whether the succeeding commissioner could reopen the proceedings had before his predecessor. The provisions of the original act, section 22, Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1437, subsequently amended (33 U.S.C.A. § 922), provides that at any time within a year the commissioner upon his own initiative, or upon the application of any party in interest, may make a new compensation order in any case in which an order has been previously made. This would seem decisive of the question and calls for the dismissal of bill No. 8807.

Bill No. 8809 apparently re-raises precisely the same question and calls for a like ruling.

We do not have access to the orders made by the commissioner and may not have the correct idea of the record situation. As we understand it, however, the renewed hearing of the first order was pending when the second injury was received. There were in consequence two proceedings before him. They were so interwoven in their facts that they were heard at the same hearings and each determined on the part of the evidence applicable to it.

As we further understand it, the commissioner found as a fact that the workman was suffering from a total disability and entitled to the full compensation permitted by the act. As his disability was due to the combined effect of the two injuries, the commissioner determined as a fact that each employer was answerable for one-half of the total injury, and made his awards accordingly. Complaint is made that the fact conclusions reached by the commissioner were erroneous.

We are in effect asked to review the evidence and substitute our own fact findings for those reached by the commissioner. This we are not called upon to do even if we should differ from the commissioner. More than this, the order against which bill No. 8809 is directed is an order against the Murphy Cook & Co. and not against the Independent Pier Company. It therefore follows that the latter company has no concern with this order.

Bill No. 8807, June term, 1935, is accordingly dismissed for want of equity, and bill No. 8809, June term, 1935, is likewise dismissed for the same reason.

### Supplemental Opinion.

Since writing the above we have been favored with a supplementary brief on behalf of the plaintiffs which discusses with marked ability a phase of the case which we did not have in mind in formulating the conclusions above stated. This feature is brought out by a comparison of the following dates:

March 3, 1934. Monahan order made.

April 2, 1934. This order under the provisions of the then law became final.

May 26, 1934. Amendment providing for the opening of proceeding within one year (33 U.S.C.A. § 922).

The point made is that the amendment does not apply to orders which had become final before the passage of the amending act.

The propositions advanced are:

(1) The Monahan order became final nearly two months before the amended act was passed.

(2) Thereafter the employer had in the order what is called "a vested right."

(3) The act does not apply to proceedings which had been concluded and the order in which had become final before the act was passed.

(4) If it does apply, it is unconstitutional under the Fifth Amendment to the Constitution of the United States.

Under the law as it then was, it must be conceded that the award was not only final in the appellate sense but it had become a finality. If the law had not been amended, neither the commissioner himself nor his successor had jurisdictional power to reopen the case after April 2, 1934. Just what it meant or gained by ascribing to a debtor a vested interest or a property right in the debt he owes is not altogether clear. It is intelligible enough to say that the employer's money is his property and that he cannot be deprived of it without due process of law.

■ This plaintiff has been deprived of some money by one order of the commissioner, and it is proposed to deprive it of more by another order. It is not denied that the first deprivation was in pursuance of due process of law. The sole question is whether the second is also. If the amendment of 1934 has no application, the second award was not due process. It must likewise be conceded that retroactive laws, like ex post facto laws, are thought by many people to be unjust. The former, however, may be classed as in line with due process of law, although the latter may not be. It must likewise be conceded that in deference to the general judgment of their injustice laws are not given a retroactive effect unless such be their real meaning. The question then is whether this law was meant to apply to this kind of a case. This case is clearly within its verbiage. The act is not limited to cases thereafter arising because it applies to cases "whether or not a compensation order has been issued," and as a year's time is given for the reopening, it must necessarily extend to cases in which the order is older than thirty days. There is, moreover, a distinction between an appeal or review of an entered order and a reopening of the proceeding in which the order was made. The first challenges judgment of the order on the facts and the law as of the time when made; the second proceeds upon a new state of facts brought to light a year or more after the order was made and results in a new order. The difference is that between the allowance of an appeal and the granting of a new trial. The first was limited, and still is, to thirty days; the latter has a much longer time. The reopening review is allowed of any case, and this means the instant case.

The argument is thus reduced to that of the unconstitutionality of the act. We assume the taking of property without just compensation provision does not apply. What is relied on is the due process clause. No state can pass an act which impairs the obligation of debt. The inhibition does not apply to Congress. What the law does is to lend its aid to the enforcement of a claim of debt. It may impose such conditions as are deemed wise. Among those imposed are limitations of time within which an action may be brought and after which it cannot. The amendment in question is a mere extension of the time. The old act limited the reopening, among other things, to the time of "the term of the award." The amended act substitutes the year limit. The old act, however, allowed it "after the compensation order had become final."

The cited cases which were ruled before the act have no application nor the cases which refer to an appeal review as distinguished from an application to reopen.

We adhere to the conclusion before reached that the commissioner had the jurisdictional power to reopen the order which had before been made.

There is a reiteration of the point before made that the commissioner could not make the order in the form in which made. As before stated, we did not have access to the orders to determine their form. At the argument at bar it was pointed out that the respective arguments addressed to us were based on different fact situations. One was that the commissioner, in a compensation proceeding against one employer for an injury sustained in such employment, had made an order against another prior employer because a like injury had been sustained in the first employment resulting in two judgments against different defendants in

one action. The other was that there had been reopened, and was therefore pending, a proceeding against one employer for an injury received during that employment. There was likewise pending another proceeding against another subsequent employer for a like injury received during the latter employment. For convenience, the two compensation claims were disposed of at one hearing, but each was determined as an independent proceeding. We are doing that very same thing now. It was agreed at bar that the instant case was of the latter type, and we have so determined it. Notwithstanding this, the case is treated as of the first type, and consequently the argument made is based upon a record situation which does not exist.

To give definiteness of date to the decrees allowed, none are now made, but leave is granted to enter decrees dismissing the bills, with costs, for want of equity.