PARAMINO LUMBER CO. et al. v.
MARSHALL, Deputy Compensa-
tion Commissioner, et al.

No. 8585.

Circuit Court of Appeals, Ninth Circuit.

Feb. 21, 1938.

Lawrence Bogle, Cassius E. Gates, Ed-
ward G. Dobrin, and Stanley B. Long, all
of Seattle, Wash., for appellants.

Oscar A. Zabel, of Seattle, Wash., for
appellee John T. Clark.

Before DENMAN, STEPHENS, and
HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appellants sued to enjoin a Deputy
Commissioner from hearing a claim under
the Longshoremen's and Harbor Workers'
Compensation Act, 33 U.S.C.A. § 901–950,
and a preliminary restraining order was is-
sued. The claimant, Clark, having been
permitted to intervene, filed an answer to
the complaint. Subsequently, appellants
amended their pleading, and the appellees
then moved for a dismissal for want of

sufficient facts to entitle complainants to the relief sought. The court ordered the vacation of the preliminary injunction and granted the motion to dismiss. This appeal followed.

It appears from the amended complaint that Clark was injured in January, 1931, while in the employ of appellant Paramino Lumber Company. The other appellant is the insurance carrier for the lumber company. Upon application of Clark, there was a hearing before the Deputy Commissioner, and in August, 1931, an award of compensation was made. It was determined that the claimant had been wholly disabled from the time of the injury to July 5, 1931, but had recovered from his injury and disability on the latter date. The employer and the insurance carrier were ordered to pay, and paid, compensation for the period of disability. This award, it is alleged, became final at the expiration of thirty days after it was made, and there was no proceedings to review, suspend, or set it aside. There is an averment that on April 10, 1936, Congress passed a private act for the relief of Clark, which is set out in the bill and is shown on the margin.[1] It is alleged that the Deputy Commissioner, upon the application of Clark and pursuant to this special act, unlawfully ordered a further hearing on the claim. The claim itself is not in the complaint, but a copy of the notice of hearing is attached to the pleading. This notice was directed toward the claimant and the appellants, and is as follows: "You are hereby notified that upon application made by Claimant, an interested party in the above entitled claim, a hearing on such claim is hereby ordered, to be held before Wm. A. Marshall, Deputy Commissioner, 14th Compensation District of the United States Employees' Compensation Commission, at the office of the Deputy Commissioner, 620 Federal Office Bldg., in the City of Seattle, Washington, on the 7th day of July, 1936, at 1:00 P. M. of that day."

It is averred on information and belief that the Deputy Commissioner intends, unless restrained, to issue a compensation order in favor of Clark for further compensation covering the period from July 5, 1931, to the date of the hearing, which will require the complainants to make payments in excess of $3,500; and it is alleged that if complainants, on an appeal, fail to secure an order staying payment, substantially the whole of the award will be required to be paid pending the final disposition of the controversy, and if successful upon the appeal they will be unable to recover from the claimant the amount so paid, due to the fact that claimant is insolvent. Irreparable damage and injury, it is said, will result from this and from the further circumstance that if complainants refuse to pay the anticipated award, an additional penalty of 20 per cent. will be added thereto. Further items of asserted irreparable injury are that complainants will be obliged to employ attorneys to appear at the hearing and to call lay and expert witnesses at large expense. It is said that the special act of Congress is unconstitutional and void, in that it denies appellants the equal protection of the laws, deprives them of their property without due process of law, and grants Clark special privileges not accorded equally to other employees.

The trial court was of the opinion that the amount in controversy was not shown to be in excess of $3,000, and that in any event the complainants were not entitled to injunctive relief. We will pass over the question of the sufficiency of the amount in controversy, since the judgment of dismissal must be affirmed on other jurisdictional grounds.

The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950, provides a valid scheme of compensation for injuries growing out of maritime employment. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598.

[1] "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That in the case of John T. Clark, of Seattle, Washington, whose disability compensation under the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, was terminated as of July 5, 1931, by a compensation order filed August 26, 1931, the Employees' Compensation Commission be, and it is hereby, authorized and directed to review such order in accordance with the procedure prescribed in respect of such claims in section 19 of said Act, and in accordance with such section to issue a new compensation order which may terminate, continue, increase, or decrease such compensation, the provisions of sections 21 and 22 of the said Act, as amended, to the contrary notwithstanding: Provided, That such new order shall not affect any compensation paid under authority of the prior order. Approved, April 10, 1936." 49 Stat. 2244.

Administration of the act, "except as otherwise specifically provided," is exclusively confided to a Compensation Commission, section 39 of the act, 33 U.S.C.A. § 939, which is authorized to establish compensation districts and appoint Deputy Commissioners. A proceeding under the act is instituted by the filing of a claim with the Deputy Commissioner, who "shall have full power and authority to hear and determine all questions in respect of such claim." The employer is afforded full opportunity to present evidence and to be heard. Section 19, 33 U.S.C.A. § 919. A compensation order becomes effective when filed in the office of the Deputy Commissioner, and becomes final at the expiration of thirty days thereafter unless proceedings for the suspension or setting aside of such order are instituted in the federal District Court for the district in which the injury occurred. Section 21 (a), 33 U.S.C.A. § 921(a). The Deputy Commissioner has no power to enforce the order. If the award is not complied with, after it becomes final, the Deputy Commissioner or any beneficiary may apply for enforcement to the District Court. "If the court determines that the order was made and served in accordance with law," it shall enforce obedience by injunction or other proper process. Section 21(c), 33 U.S.C.A. § 921(c). "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court. * * * The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, * * * allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer." Section 21(b), 33 U.S.C.A. § 921(b). Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in the act. Section 21(d), 33 U.S.C.A. § 921 (d).

██ It is apparent that appellants, by pursuing the administrative and judicial procedure prescribed in the statute itself, have an entirely adequate remedy. They may contest the claim on all appropriate grounds and may urge before the Deputy Commissioner, and before the court on review, the invalidity of the private act under attack. "Rulings of the deputy commissioner upon questions of law are without finality," Crowell v. Benson, supra, 285 U.S. 22, at page 46, 52 S.Ct. 285, 290, 76 L.Ed. 598. If an award is made which is not in accordance with law, it may be suspended or set aside and payment may be stayed pending final decision, in a proceeding for review in the District Court. The jurisdiction of the latter court in relation to the administration of the act is amply defined, and appropriate judicial protection is afforded. This jurisdiction is to be exercised as specified in the statute. The power of the court to grant injunctive relief, where irreparable damage would otherwise result to an employer, is to be exerted after the hearing and the making of a compensation order, not before. Until such time, by necessary implication, Congress has withheld from the court the power to act.

In Myers v. Bethlehem Shipbuilding Corp., 58 S.Ct. 459, 462, 82 L.Ed. ——, decided January 31, 1938, the Supreme Court was dealing with the cognate question whether the District Court has jurisdiction to enjoin a proceeding before the Labor Relations Board. It held that no such jurisdiction exists, since the power to prevent any person from engaging in any unfair practice affecting commerce has been vested by Congress in the Board and the Circuit Courts of Appeals, and this power has been declared by Congress to be exclusive. "The grant of that exclusive power is constitutional, because the act provided for appropriate procedure before the Board and in the review of the Circuit Court of Appeals an adequate opportunity to secure judicial protection against possible illegal action on the part of the Board." The claim there made, that a hearing before the Board would subject the complainant to irreparable damage and that rights guaranteed by the Federal Constitution would be denied unless it be held that the District Court has jurisdiction to enjoin a hearing, was said to be "at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter. Obviously, the rule requiring exhaustion of

the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact." See, also, Newport News Shipbuilding & Dry Dock Co. v. Schauffler et al., 58 S.Ct. 466, 82 L.Ed. ——, decided by the Supreme Court January 31, 1938.

 It is suggested that the private act in question is not amendatory of, or supplementary to, the Longshoremen's and Harbor Workers' Compensation Act, and that no remedy by appeal or at law is given in it; hence, appellants may not be entitled to the benefit of the judicial protection afforded by the general statute. The suggestion is purely fanciful. The private act directs a review of the earlier order and the making of a new compensation order in accordance with the procedure prescribed in section 19, notwithstanding the provisions of section 21 and section 22 of the act, as amended by Act May 26, 1934, § 5, 33 U.S.C.A. § 922. It is obvious that Congress intended the general act to be controlling in all respects, except that finality is not to be attributed to the earlier order under section 21, and that a review is to be accorded notwithstanding the expiration of the time limitation imposed by section 22, as amended, 33 U.S.C.A. § 922. The latter section, so far as immediately material, is copied on the margin.[2] And see Independent Pier Co. et al. v. Norton, Deputy Commissioner, D.C., 12 F.Supp. 974, supplemental opinion.

If the question of jurisdiction were doubtful, it would still be inappropriate to rule at this juncture on the abstract question of the constitutionality of the private act, since the matter may more intelligently be considered in the light of the concrete facts to which the act is to be applied, as these are developed in the orderly procedure before the Deputy Commissioner.

The fact that it would be convenient for the parties to have the validity of the act promptly decided is no justification for a departure from the settled principles of equity. Courts will not "anticipate a question of constitutional law in advance of the necessity of deciding it," nor "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." Liverpool, N. Y. and P. S.S. Co. v. Emigration Commissioners, 113 U.S. 33, 5 S.Ct. 352, 355, 28 L.Ed. 899; Wilshire Oil Co. v. United States, 295 U. S. 100, 55 S.Ct. 673, 79 L.Ed. 1329.

Judgment affirmed.

---

[2] "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 19 [919] of this chapter, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation."