**GLOBE INDEMNITY COMPANY et al.,**
**Plaintiffs,**

v.

**C. D. CALBECK et al., Defendants.**

**Civ. A. No. 11137.**

United States District Court
S. D. Texas,
Houston Division.

Dec. 28, 1959.

See, also, 230 F.Supp. 14.

Vinson, Elkins, Weems & Searls, William R. Eckhardt, Houston, Tex., for plaintiffs.

William B. Butler, U. S. Atty., and John R. Green, Asst. U. S. Atty., Houston, Tex., for defendants.

INGRAHAM, District Judge.

Proceeding for review of an order for payment of compensation under the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901 et seq., hereafter referred to as "the federal act" entered by defendant C. D. Calbeck, Deputy Commissioner for the Eighth Compensation District of the United States Employees' Compensation Commission, in favor of defendant-claimant Jesse Turner. The case is before the court upon plaintiffs' motions for summary judgment and for default judgment and defendants' motion for summary judgment.

The court will consider first plaintiffs' motion for summary judgment. Plaintiffs primarily contend that claimant Turner cannot recover on the undisputed facts as a matter of law under the federal act because defendant Calbeck was without jurisdiction to make an award under the federal act or because a state court judgment involving the same facts is res judicata as to the claim of claimant Turner or raises an estoppel by judgment barring recovery of further benefits under the federal act. They maintain that this claim lay either within the exclusive jurisdiction of the state or within a "twilight zone" in which the state and federal courts have concurrent jurisdiction. Under either theory a state court judgment would preclude a further award under the federal act.

· Defendants contend that defendant Calbeck had jurisdiction over the claim because the injury was sustained by decedent in pursuit of a maritime employment upon the navigable waters of the United States. It is argued that defendant Calbeck was not barred or estopped from finding jurisdiction or making an award by a state court judgment and that the federal act provided the exclusive remedy for this claim, since its fact

situation placed it neither within the non-maritime exclusive jurisdiction of the state nor within a concurrent federal-state jurisdiction or "twilight zone". They further allege that a state court judgment has been properly credited against the federal award.

As found by the Deputy Commissioner, the facts are as follows: That on February 4, 1955, the deceased Arthur B. Turner was performing services as a laborer for his employer, plaintiff J. S. Gissel & Company, on top of Gissel Barge 951 at Houston, Texas, said vessel being afloat upon the navigable waters of the United States, when decedent fell from the barge into the Houston Ship Channel and was drowned. A stipulation of facts between the parties prior to the hearing before the Deputy Commissioner shows that the above facts were admitted and further indicates that decedent was "helping to put some new steel plates or deck plates on the barge" at the time of the accident. It was further stipulated by the parties and found by the Deputy Commissioner that claimant Turner, father of the decedent, as the result of a claim for death benefits filed with the Industrial Accident Board of the State of Texas obtained a judgment against plaintiff Globe Indemnity Company on said claim from the District Court of the 125th Judicial District of Harris County, Texas, in the gross sum of $6550 and that, deducting an approved attorney fee of $1600 and expenses of $30.65, the net recovery that claimant received as compensation, in a lump sum, and which has been paid to him under the judgment of said court is the sum of $4919.35.

 In the opinion of the court plaintiffs' motion for summary judgment should be denied, since on the basis of the facts stated above the claim lies within the exclusive federal jurisdiction of the Longshoremen's and Harbor Workers' Act and not within a concurrent federal-state or "twilight zone". Thus a prior state court judgment cannot be res judicata or raise an estoppel barring recovery of further benefits under the federal act, where the Deputy Commissioner has exclusive jurisdiction to make an award.

The jurisdictional provision of the Longshoremen's and Harbor Workers' Act is Title 33 United States Code § 903, which states:

"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State Law."

The line of demarcation between federal and state jurisdiction, dividing injuries occurring upon the navigable waters between those for which compensation may validly be provided and those for which it may not be so provided under state law, was first set in Southern Pacific Co. v. Jensen, 1917, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086. In that case the Supreme Court held that a longshoreman could not recover benefits under a state workmen's compensation law because his employment and injuries were maritime and clearly within the exclusive admiralty jurisdiction of the federal courts. This boundary has shifted through years of interpretation, especially since Davis v. Department of Labor, 1942, 317 U.S. 249, 63 S.Ct. 1222, 87 L. Ed. 246, in which the Supreme Court held that an employee of a construction company, who was employed in dismantling a bridge over a navigable stream, which involved cutting steel from the bridge, lowering it to a barge and towing or hauling the barge, when loaded, to a storage place, could recover under the state act, or by implication also under the federal act, when he fell into the stream and drowned while working on the barge. The court created the historic metaphor of the "twilight zone" between federal and state jurisdictions

in which claimants may have remedies under federal and/or state acts and must have their rights determined on a case-by-case basis. In recent years the "twilight zone" has threatened to absorb the area of exclusive federal jurisdiction over such maritime employments upon the navigable waters set forth in the Jensen case. The question is whether the Supreme Court and Congress intended that there should be clear-cut areas of federal and state jurisdiction or that federal and state remedies and jurisdictions should become concurrent, thereby giving the claimant an election in nearly every case between federal and state remedies.

For the Fifth Circuit and especially its Texas courts this question is settled by the opinions in Flowers v. Travelers Insurance Company, 1958, 258 F.2d 220, and Noah v. Liberty Mutual Insurance Company, 5 Cir., March 10, 1959, 265 F.2d 547, reversed upon rehearing, May 29, 1959, 267 F.2d 218. In the Flowers case the court of appeals upheld a ruling of the district court for the southern district of Texas that the federal act, and not the Texas Workmen's Compensation Act, applied where a welder was injured while making repairs on an ocean-going vessel in a floating dry dock. The federal act was considered to be the exclusive remedy because repair of an existing vessel is "one of the most ancient of maritime transactions giving rise even to that most cherished and characteristic badge—the formidable lien *in rem.*" Flowers, supra, 258 F.2d p. 221. That claimant welder also did other work ashore did not deter the court from finding exclusive federal jurisdiction:

> " * * * His presence on board the ship, actively working as a welder, essential to the making of essential repairs, was nonetheless maritime even though 80% of his work was generally ashore in the plate department of the Shipyard. The non-maritime nature of the so-called regular work or duties is completely irrelevant. * * * " Flowers, supra, 258 F.2d pg. 221.

The "twilight zone" cases are distinguished because "the doing of repair work on an existing vessel has been treated as so clearly maritime in nature that attempted application of State compensation laws would collide with that essential uniformity which was the very breath of Jensen." Flowers, supra 258 F.2d p. 222. The case at bar is governed by the ruling in the Flowers case, since both Flowers and Turner appear to have been engaged in repairing or maintaining existing vessels upon the navigable waters, though there may have been some difference in skill between their jobs.

Subsequent to Flowers, though, the Supreme Court considerably obscured the "twilight zone" in Hahn v. Ross Island Sand & Gravel Co., January 12, 1959, 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292. In that case it is stated only that claimant was injured while working on a barge used in connection with the dredging of sand and gravel in a lagoon opening into a navigable river. Claimant's employer had rejected the state workmen's compensation act, which provided that in such cases an injured employee might maintain a negligence action in the courts for damages. After bringing such an action in a state court both the state trial court and the highest tribunal of the state held that the federal act provided the exclusive remedy and denied claimant any relief under the state act. The Supreme Court reversed that decision in a per curiam opinion by a majority of five justices in which two justices did not take part and to which two justices dissented.

The Supreme Court held that claimant was within the "twilight zone" and had a valid claim under state law that was not barred by the federal act. The Davis case was considered to give claimant an election to recover under either the federal or state act. The dissenting justices considered that the Davis case was intended to assure an injured employee that in a doubtful case he would be assured of workmen's compensation whether he proceeded under a state workmen's compensation act or the federal act.

They felt that the Davis case did not mean that a claimant could spurn federal compensation and submit his claim to a state court jury.

This opinion has been said to expand considerably the "twilight zone". How the decision effects this result is not apparent to a district court charged with distinguishing fact situations involved in narrow jurisdictional questions. No criteria are stated in the Hahn case that would lead this court to apply its rule to the case at bar, rather than the rule of the Flowers case. Flowers deals with the concrete facts of jurisdiction. Until it is overruled, this court will follow the Flowers case in upholding exclusive federal jurisdiction over employments clearly maritime in nature.

In its opinion upon rehearing in the Noah case, the court of appeals reversed its original decision, espousing the views of the dissenter in the original Noah opinions and holding that the state compensation law was inapplicable and that claimant's exclusive remedy was under the federal act. The court maintained that the Hahn case "[did] not go so far as to hold that a longshoreman is in the twilight zone. The effect of such a holding would be to overrule by implication Southern Pacific Company v. Jensen * * * and to expand the twilight zone to the point where all amphibious workers would be in the twilight zone, contrary to Davis v. Department of Labor and Industries of Washington * * *." Noah, supra, 267 F.2d p. 219. Both said cases were cited with approval in Hahn v. Ross Island and, according to the Fifth Circuit, "both are still good law". The Flowers case was cited approvingly to the effect that longshoring is the precise employment described in the federal act and was indeed the very activity which gave rise to Jensen.

The effect of the Noah case is to reaffirm Jensen and Davis, to except longshoring from the "twilight zone", and to indicate not that all amphibious workers are in the "twilight zone". Thus Noah leaves the courts of this circuit free to hold that other activities, traditionally and clearly maritime in nature, are within the exclusive federal jurisdiction. Plaintiffs' motion for summary judgment should be denied on the ground that defendant Calbeck was without jurisdiction to make an award under the federal act or that a state court judgment involving the same facts is res judicata or raises an estoppel by judgment as to the claim of claimant Turner. Plaintiffs' other grounds for summary judgment are not well considered and will not be discussed.

Defendants' motion for summary judgment should similarly be denied because there are genuine issues of material fact as to the timely filing of the claim.

■ Plaintiffs' motion for default judgment should be denied because Title 33 United States Code § 921, specified only that relief against a compensation order may be obtained by injunction proceedings against the deputy commissioner making the order. Since there apparently are no reported cases requiring claimant to be a defendant upon appeal under this statute, the court will not presume to enter a default judgment against defendant-claimant Turner because he has failed to appear after having been duly and properly served. His interests have been adequately represented by defendant Calbeck.

Plaintiffs' motions for summary judgment and for default judgment will be denied. Defendants' motion for summary judgment will be denied. The clerk will notify counsel to draft and submit appropriate order.