**FLYING TIGER LINES, INCORPORATED and Employers Mutual Liability Insurance Company of Wisconsin, Plaintiffs,**

v.

**David R. LANDY, Deputy Commissioner for the 13th Compensation District and Peter Gregory Thomas, Maureen Altair Thomas, and Terry Ava Thomas, Minor Children of Gregory Peter Thomas, Deceased, Defendants.**

Civ. No. 42747.

United States District Court
N. D. California, S. D.
March 31, 1965.

Hanna & Brophy, San Francisco, Cal., for plaintiffs, Flying Tiger Lines, Inc. and others, with Warren L. Hanna, San Francisco, Cal., appearing.

Cecil Poole, U. S. Atty., for defendants, David R. Landy, and others, with John Meadows, San Francisco, Cal., appearing.

WOLLENBERG, District Judge.

This is an action to enjoin and set aside an award of death benefits to the defendant children of Gregory Peter Thomas, deceased, by the defendant Deputy Commissioner. Defendant Deputy Commissioner moves for summary judgment on the ground that there is no issue as to the material facts and as a matter of law he is entitled to judgment.

Plaintiffs argue: 1) the Deputy Commissioner lacked statutory jurisdiction to make the award; 2) the award was barred because of res judicata; and 3) the amount of the award was computed incorrectly.

## I

The award was made pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, as amended, 33 U.S.C. § 901 et seq., as made applicable to employment at certain defense base areas and elsewhere by the Defense Base Act of August 16, 1941, as amended, 55 Stat. 622, 42 U.S.C. §§ 1651–1654. The decedent was a pilot for plaintiff Flying Tiger Lines. While in the course of his employment the plane on which he was flying disappeared with all aboard somewhere between Guam and the Philippine Islands. The plane was transporting military personnel from Travis Air Force Base, California, to Tan Son Nhut Air Base, Saigon, Vietnam, pursuant to a contract between Flying Tiger Lines and the government.

Plaintiffs argue that the Deputy Commissioner was without jurisdiction to make the award because the agreement between Flying Tiger Lines and the government was not a "public work" contract within the meaning of the Defense Base Act and even if it was since the decedent was a member of the crew of a "vessel" his death was specifically excluded from the provisions of that act.

■ *First, was the agreement a "public work" contract within the meaning of 42 U.S.C. § 1651(b) (1)?* Yes.

Prior to 1958 "public work" meant "any fixed improvement or any project involving construction, alteration, removal, or repair for public use * * * including but not limited to projects in connection with the war effort * * *." 56 Stat. 1035 (1942). On the basis of this wording the federal courts held that service projects not directly concerning "construction, alteration, removal, or repair" were within the definition. Republic Aviation Corporation v. Lowe, 69 F.Supp. 472 (N.Y.1946), affirmed 164 F.2d 18 (C.A.2, 1947). To clarify the meaning of "public work" in 1958 the definition was reworded to incorporate the interpretation of the courts. S.B. No. 1886, 85th Congress, 2nd Session, U.S.Code Cong. & Admin.News 1958, p.

3321. The definition now includes "any project, whether or not fixed * * * including * * * operations under service contracts and projects in connection with the national defense * * *." 42 U.S.C. § 1651(b) (1).

■■ The conclusion is therefore inescapable that Congress intended service contracts which did not directly provide for "construction, alteration, removal or repair" to be included within the definition of "public work." Plaintiffs' argument based on *ejusdem generis* is without merit. In this instance there is specific legislative history to guide interpretation and there is no need to resort to general rules of construction.

*Second, was the decedent's death specifically excluded from the provisions of the Defense Base Act?* No.

■■ The Defense Base Act excludes from its coverage "a master or member of a crew of any vessel." 42 U.S.C. § 1654. The same provision appears in the Harbor Workers' Act, 33 U.S.C. § 903. The Defense Base Act gives persons who are subject to it the remedies of the Harbor Workers' Act and it is a fair inference that the class intended to be excluded in both was the same. The purpose of the exclusion in the Harbor Workers' Act was to retain for seamen the protection of the Jones Act. Warner v. Goltra, 293 U.S. 55, 159–160, 55 S.Ct. 46, 79 L.Ed. 254 (1934). Since protection under the Harbor Workers' Act was exclusive, 33 U.S.C. § 905, it was necessary to exclude those protected by the Jones Act in order to achieve this objective. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 256, 60 S.Ct. 544, 84 L.Ed. 732 (1939).

■ However, a pilot of an airplane is clearly not protected by the Jones Act. Consequently, there is absolutely no support in the legislative history for including "airplane" within the definition of "vessel" in 42 U.S.C. § 1654.

## II

■■ Prior to filing of the federal claim a death benefit award was made to

 

decedents minor children by the Industrial Accident Commission of California. Plaintiffs now argue that the Commission award was res judicata because a final award of an industrial accident board has the same effect as the final judgment of a court. Undoubtedly the issue under state law between the parties was res judicata. However, plaintiffs have cited no authority for the proposition that claimants under the Defense Base Act can elect to pursue a state remedy in lieu of their federal remedy. In fact the federal law specifically declares that the federal remedy "shall be exclusive and in place of all other liability * * * under the workmen's compensation law of any State." 42 U.S.C. § 1651 (c). Thus, whatever the result under state law, the federal remedy is exclusive and the state result is not res judicata. Globe Indemnity Co. v. Calbeck, 230 F. Supp. 9, 13 (1959).

### III

The state award was $17,500 payable at the rate of $70 per week. After weekly payments aggregating $4,270 had been made the unpaid balance of $13,230 was commuted to its present value of $12,-549.91, and upon request and pursuant to an order of the California Industrial Accident Commission, the latter amount was paid over in a lump sum. In computing the amount of the federal award the defendant Deputy Commissioner credited plaintiffs with $16,819.91, the actual amount paid over under the state award. Plaintiffs now argue that they were entitled to a credit of $17,500 because this was the amount awarded under state law.

Once again plaintiffs have overlooked the fact that the federal remedy is exclusive. Credit for the amount already paid over is not given because an award was made by a state agency. Such credit is given because the amount paid over should be treated as an advance payment on the federal liability. Lawson v. Standard Dredging Co., 134 F.2d 771 (5th Cir., 1943). Consequently, credit was correctly given only for the actual amount paid.

Accordingly, the motion for summary judgment is hereby granted.