**ASSOCIATED–BANNING COMPANY,**
Plaintiff,

v.

**David R. LANDY, Deputy Commissioner, Bureau of Employees' Compensation, 13th Compensation District, Department of Labor, Defendant.**

**No. 43461.**

United States District Court
N. D. California, S. D.

Dec. 8, 1965.

Hanna & Brophy, Oakland, Cal., for plaintiff.

Cecil Poole, U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

Plaintiff, a corporation engaged in stevedoring operations and a former employer of Milton Jaymot, now deceased, commenced this action for a declaration by this Court that defendant, Deputy Commissioner, Bureau of Employees Compensation, United States Department of Labor is without jurisdiction to proceed further in the processing of a claim filed on May 31, 1963, by the widow and minor children of Jaymot with the defendant Commissioner for compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424–1446 (1927), as amended, 33 U.S.C. §§ 901–950 (1964) and, further, praying that this Court enjoin the Deputy Commissioner from entertaining further jurisdiction of the claim.

The case is before the Court upon plaintiff's motion for issuance of a preliminary injunction to that effect.

Also before the Court is a motion by defendant to dismiss the complaint upon the ground that this Court has no jurisdiction over the subject matter of the present action and upon the further ground that the complaint fails to state a claim upon which relief can be granted.

The complaint alleges that the widow and minor children of Jaymot, on July 18, 1962, filed an application for compensation death benefits with the Industrial Accident Commission of California and that in that proceeding the Referee on August 8, 1963, made findings together with a "Report of Referee on Decision" to the effect that the applicants take nothing by reason of their claim; that their petition for reconsideration was denied by the Industrial Accident Commission on October 3, 1963, specifically finding that Jaymot's death did not arise out of nor occur in the course of his employment, and that the Commission ruling was on February 8, 1964, finally affirmed on appeal by the California District Court of Appeal and that on March 18, 1964, a petition for hearing by the California Supreme Court was denied.

Plaintiff invokes the jurisdiction of this Court, not under the general review provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1436 (1927), as amended, 33 U.S.C. § 921 (1964), but under the provisions of 72 Stat. 415 (1958), 28 U.S.C. § 1331 (1964) [federal question] and the Administrative Procedure Act § 10, 60 Stat. 243 (1946), 5 U.S.C. § 1009 (1964).

It is clear from the prayer of the complaint that plaintiff also seeks relief under the Declaratory Judgment Act, 62 Stat. 964 (1948), as amended, 28 U.S.C. §§ 2201–2202 (1964).

The Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424–1446 (1927), as amended, 33 U.S.C. §§ 901–950 (1964) [hereinafter referred to as the Act] establishes the procedure in respect of claims for compensation benefits under its provisions (§ 919), provides a presumption that in the absence of substantial evidence to the contrary, the claim comes within its provisions (§ 920); provides that the Deputy Commissioner shall have full power and authority to hear and determine all questions in respect to such claims (§ 919); provides that, if not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the Deputy Commissioner making the order, and instituted in the United States District Court (§ 921(b)); provides that proceedings for suspending, setting aside or enforcing an award shall not be instituted otherwise than provided in § 921.

In Paramino Lumber Co. v. Marshall, 95 F.2d 203, (9th Cir. 1938), wherein plaintiff sought to enjoin the Deputy Commissioner from hearing a claim under the Act, the Court held that the jurisdiction of the United States District Court is amply defined and appropriate judicial protection is afforded by the Act, that such jurisdiction is to be exercised as specified in the statute; that the power of the Court to grant injunctive relief, where irreparable damage would other-wise result to an employer, is to be exercised *after* the hearing and the making of a compensation order *not* before; that, until such time, by necessary implication, Congress has withheld from the Court the power to act.

In Leonard v. Liberty Mut. Ins. Co., 267 F.2d 421 (3rd Cir. 1959), an action by an injured longshoreman for a judgment declaring his rights under the Act, the Court, reversing the District Court, similarly held to the same effect, adding that the issues presented were such as should be determined in the first instance by the Deputy Commissioner, not by the Court, and that the plan of the statute creates an administrative procedure, subject to specified court review, and that the general provisions of the Declaratory Judgment Act should not be used to circumvent such procedure. See also Thibodeaux v. J. Ray McDermott & Co., 276 F.2d 42 (5th Cir. 1960).

In Flying Tiger Lines Incorporated v. Landy, 250 F.Supp. 282, N.D.Cal., March 30, 1965, this Court, reviewing an award of the Deputy Commissioner upon the judicial review proceedings provided by the Act, answered a contention that an award made to claimants by the California Industrial Accident Commission was res adjudicata, and held that, whatever the result may be under state law, the federal remedy is exclusive, citing Globe Indem. Co. v. Calbeck, 230 F.Supp. 9, 13 (S.D.Tex.1959).

In a recent case, O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965), the Court pointed out that even where the Act is reviewed in its specified manner the scope of review is quite limited and the Court clearly indicates that its procedures take precedence over the Administrative Procedure Act § 10, 60 Stat. 243 (1946), 5 U.S.C. § 1009 (1964) which, itself, provides expressly that the form of proceeding for judicial review shall be any special statutory review proceeding specified by statute.

Plaintiff contends that the Jaymot claim is a so-called "twilight zone" claim

278

within the meaning of Davis v. Dep't of Labor & Indus. of Wash., 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed.2d 246 (1942), i. e., so on the borderline between waterfront employment constitutionally requiring application of federal maritime power, and waterfront employment, which is only of local concern, that local state adjudication will be upheld if a reasonable argument can be made for applicability. Upon this theory plaintiff argues that the claimants having selected the tribunal in which to try the issue whether the death of Jaymot was caused or contributed to by his work and having lost in the California proceedings, are not entitled to relitigate that issue under the Longshoremen's & Harbor Workers' Compensation Act.

Plaintiff, although conceding that its research has failed to discover any authority holding according to its theory, cites and relies upon the language of certain cases which although adverse in result, tend to support, according to plaintiff, its theory as applied to the pending case. Dixie Sand & Gravel Corp. v. Holland, 255 F.2d 304 (6th Cir. 1958); Holland v. Harrison Bros. Dry Dock & Repair Yard, Inc., 306 F.2d 369 (5th Cir. 1962); T. Smith & Son, Inc. v. Williams, 275 F.2d 397 (5th Cir. 1960); Mike Hooks, Inc. v. Pena, 313 F.2d 696, 700 (5th Cir. 1963).

Assuming, without deciding, that the Jaymot claim, which has been adjudicated against claimants by the State Industrial Accident Commission upon the ground of non causality or contribution of Jaymot's work to his death, presents such a "twilight zone" question that contention can still be made to the Deputy Commissioner by way of defense to the federal claim.

Plaintiff has already, on July 3, 1963, filed with the defendant, Deputy Commissioner, an answer to the claim setting forth, as one matter of defense, that the claim was being adjudicated before the Industrial Accident Commission of California.

It is apparent, therefore, as pointed out in Paramino Lumber Co. v. Marshall, supra, that plaintiff, by pursuing the procedure prescribed in the statute, itself, has an entirely adequate remedy. It may contest the claim on all appropriate grounds and may urge before the Commissioner and before this Court on review, all of the matters which they prematurely seek to present to the Court in this action.

For the foregoing reasons, plaintiff's motion for a preliminary injunction is denied and, further, defendant's motion to dismiss the complaint is granted upon the ground that this Court has no jurisdiction of the subject matter and upon the further ground that the complaint fails to state a claim upon which relief can be granted.

This Memorandum of Decision shall constitute the findings and conclusions of the Court as provided by Fed.R.Civ.P. 52.