396 F.2d 440
 Eugene LYNCH, Appellant,
v.
David R. LANDY, Deputy Commissioner and William K. Rogers,
Assistant DeputyCommissioner, Bureau of Employees'
Compensation, United States Department ofLabor and
Industrial Indemnity Co., et al., Appellees.
 No. 21852.
 United States Court of Appeals Ninth Circuit.
 June 10, 1968, Rehearing Denied July 9, 1968.
 
 Eugene Lynch (argued), in pro. per.
 William Kanter (argued), Lee H. Cliff (argued), Morton Hollander, Jack H. Weiner, Attys., Department of Justice, Washington, D.C., Edwin L Weisl, Jr., Asst. Atty. Gen., Washington, D.C.; Cecil F. Poole, U.S. Atty., John Meadows, Admiralty & Shipping Section, Hall, Henry, Oliver & McReavy, San Francisco, Cal., for appellees.
 Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and CARTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eugene Lynch, appellant, appeals from an order entered by the United States District Court for the Northern District of California dismissing his action to recover damages for personal injuries in the amount of $150,000.00, and for other relief, against Industrial Indemnity Co., the insurance carrier for appellant's former employer, and David R. Landy and William K. Rogers of the 'Department of Labor Bureau of Employees' Compensation for the Thirteenth Compensation District, Northern California,' appellees.
 
 
 2
 The action filed on November 21, 1966, was dismissed by the district court on the ground, inter alia, that the court lacked jurisdiction over the subject matter set forth in the complaint. Jurisdiction of the district court was predicated under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. 901 et seq.
 
 
 3
 It appears that on November 6, 1961, while employed by Martinolich Ship Repair Co., appellant was overcome by noxious fumes while cleaning tanks aboard a barge on San Francisco Bay, at Oakland, California. The employer had immediate notice of the claimed injury and appellant received medical attention on the date of the injury, and received compensation from November 6, 1961 to December 19, 1961.
 
 
 4
 On November 23, 1962, appellant filed a claim under the Longshoremen's and Harbor Workers' Compensation Act with the Bureau of Employees' Compensation. This claim was designated as Claim No. 294-83 and is still pending before the Bureau of Employees' Compensation.
 
 
 5
 On July 15, 1964, appellant brought an action in the same district court against his former employer and its insurance carrier. The district court dismissed the action on the ground, inter alia, that the court lacked jurisdiction over the subject matter of the action. Appellant appealed and ultimately his petition for a writ of certiorari was denied by the Supreme Court (Lynch v. Industrial Indem. Co., 382 U.S. 844, 86 S.Ct. 42, 15 L.Ed.2d 84), which likewise denied the petition for rehearing (382 U.S. 949, 86 S.Ct. 386, 15 L.Ed.2d 358).
 
 
 6
 After denial of the petition for certiorari, appellant contacted the Bureau of Employees' Compensation, and insisted that his claim filed with the Bureau be heard and determined by a trial judge 'at the United States Court of Appeals', and not by the Deputy Commissioner assigned to hear the claim. Thereafter the appellant instituted the action which the district court dismissed for lack of jurisdiction of the subject matter, appeal from which order is now before us.
 
 
 7
 It is clear to us that the action filed in the district court was premature. Appellant's claim under the Longshoremen's and Harbor Workers' Compensation Act is still pending before the Bureau of Employees' Compensation. Appellant's claim has not been rejected and no award has been made.
 
 
 8
 The Act establishes the procedure in respect to claims for compensation benefits under its provisions. 33 U.S.C. 919 provides that the deputy commissioner shall have full power and authority to hear and determine all questions in respect to such claims.
 
 33 U.S.C. 921 provides that:
 
 9
 'If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred * * *,'
 
 
 10
 and that proceedings for suspending, setting aside, or enforcing an award shall not be instituted otherwise than as provided in section 921.
 
 
 11
 This court has clearly held that a decision of the deputy commissioner is a prerequisite to the consideration in the district court of the merits of a claim under the Longshoremen's and Harbor Workers' Compensation Act. Paramino Lumber Co. v. Marshall, 95 F.2d 203, 205 (9th Cir.), cert. denied 305 U.S. 603, 59 S.Ct. 63, 83 L.Ed. 382 (1938); Thibodeaux v. J. Ray McDermott & Co., 276 F.2d 42, 49 (5th Cir. 1960); Leonard v. Liberty Mutual Ins. Co., 267 F.2d 421, 424-425 (3d Cir. 1959). See also Associated-Banning Co. v. Landy, 254 F.Supp. 275 (N.D.Cal.S.D.1965).
 
 
 12
 Appellant is advised to return to the Bureau of Employees' Compensation and pursue his remedy there until the deputy commissioner issues a final decision on the pending claim.
 
 
 13
 The order of the district court is affirmed.