**APPALACHIAN POWER COMPANY, a corporation, Plaintiff,**

v.

**John T. DUNLOP, Secretary of Labor, et al., Defendants,**

**William W. Grim, Intervenor.**

**Civ. A. No. 75–0180–CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Aug. 15, 1975.

David D. Johnson, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for plaintiff.

William J. Kilberg, Marshall H. Harris and Frank A. White, U. S. Dept. of Labor, Washington, D. C., for defendants.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action brought by Appalachian Power Company (hereinafter referred to as "Appalachian") seeking a preliminary and permanent injunction to restrain and enjoin the defendants from applying and enforcing the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, against it, and seeking a judgment declaring that the plaintiff is not an "operator" of a "coal mine" as those terms are defined in the Act. The action is pending on motions to dismiss filed by the defendant, John T. Dunlop, Secretary of Labor, and by the intervenor, William W. Grim.

The intervenor, William W. Grim, filed a claim with the Department of Labor for black lung benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, on the basis of his coal mine employment. Although he had been employed by plaintiff at its power plant from 1933 to 1958, he apparently had not considered this employment as coal mine employment and did not list it on his application. However, on June 19, 1974, the Department of Labor determined Grim to be eligible for benefits and further found that the plaintiff was the responsible coal mine operator. On July 20, 1974, Clyde L. Ferguson, Jr., as compensation agent for Appalachian, contested plaintiff's purported liability and the

purported eligibility of claimant for benefits. The Deputy Commissioner of the Division of Coal Mine Worker's Compensation thereafter convened a conference among the interested parties on September 12, 1974, to narrow the outstanding issues and to seek an amicable disposition of controversies wherever possible. Most of the issues were not resolved. However, based on the evidence contained in claimant's file and the information developed at the conference, the Deputy Commissioner recommended that Mr. Grim was entitled to benefits and that Appalachian was liable therefor.

Subsequent thereto, on October 15, 1974, Appalachian rejected every fact and recommendation set forth in the Deputy Commissioner's Memorandum of Conference and requested that the matter be referred for hearing. On January 17, 1975, Mr. Grim's claim was submitted to the Office of Administrative Law Judges to be set for formal hearing. The hearing has not yet taken place. On March 14, 1975, the plaintiff commenced the instant cause of action, seeking judgment declaring that its coal fire electric generation plant is not a coal mine within the meaning of the Act, and further seeking a preliminary and permanent injunction restraining defendants from enforcing the provisions of Title IV of the Act as to the plaintiff.

As hereinbefore indicated, defendants herein have filed motions to dismiss, which motions are currently pending. It is the defendants' argument that the Court lacks jurisdiction in this matter and that the complaint fails to state a claim upon which relief can be granted. More specifically, it is the defendants' contention that the procedures set up for determination and review of all factual and legal matters arising out of claims for benefits under Section 415 of the Federal Coal Mine Health and Safety Act of 1969, as amended, is prescribed by statute and the regulations of the Secretary of Labor and should not be circumvented through the Court's inter-

vention, and further that the plaintiff has failed to exhaust the statutory and regulatory administrative remedies provided by the Act, and therefore this Court is precluded from interference therewith. The Court having reviewed the facts herein and the law applicable thereto has concluded that the defendants' motions to dismiss should be granted.

■ Congress sought to ensure the orderly administration of the "black lung" program by prescribing with great specificity the procedure to be followed. In so doing, it incorporated by reference various procedural provisions of the Longshoremen's and Harbor Worker's Compensation Act into the Federal Coal Mine Health and Safety Act. 33 U.S.C. § 901 et seq.; 30 U.S.C. § 901 et seq. Pursuant thereto, the Secretary of Labor has, by regulation, implemented a procedure for the administration and judicial review of the program. It is compliance with that procedural process that plaintiff is now seeking to avoid. However, it is this Court's opinion that the plaintiff must exhaust its administrative remedies before seeking judicial relief.

The regulations applicable to the determination of claims filed under Section 414 of Title IV of the Act are embodied in 20 C.F.R. 720.110 through 720.299. Initially, a deputy commissioner attempts to resolve the case amicably. If he fails to do so, any party in interest has a right to a formal hearing before an administrative law judge on any unresolved fact or legal issue. Any decision or order of the administrative law judge may then be appealed to the Benefits Review Board, an appellate body composed of three members appointed by the Secretary. Finally, any party adversely affected by a final order of the Board may then obtain a review of that order in the United States Court of Appeals for the circuit in which the disability occurred.

■ It is clear from the facts herein that the plaintiff has not exhausted

the available administrative remedies. There is no more basic or well established principle with regard to judicial review of administrative action than the requirement that the person seeking court action must first exhaust his administrative remedies. *Myers v. Bethlehem Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). This rule cannot be circumvented by asserting that the plaintiff's plant was not a coal mine or processing plant or that the mere holding of the prescribed administrative hearing would result in irreparable damages. Lawsuits also have proven groundless, but as yet no way has been found to relieve a defendant from the necessity of a trial to establish a fact. *Paramino Lumber Co. v. Marshal*, 9 Cir., 95 F.2d 203, cert. den. 305 U.S. 603, 59 S.Ct. 63, 83 L.Ed. 382. The procedural remedies available to plaintiff herein affords adequate opportunity to secure judicial protection against arbitrary action in accordance with the well settled rules applicable to administrative agencies. To permit employers to resort to the district court after only the initial administrative determination of liability has been made would serve to make a mockery of the orderly administrative procedure established by Congress to deal with the problem. Plaintiff may contest a finding that it is a coal mine operator under the Act on all appropriate grounds and may urge before the administrative bodies and the Circuit Court on review all the matters which they prematurely seek to present to the Court in this action. *Associated Banning Company v. Landy*, D.C.Cal., 254 F.Supp. 275 (1965).

Accordingly, for the reasons hereinbefore set out, it is ORDERED that the motions to dismiss by each of the defendants be, and the same are, hereby granted, and this case is ORDERED retired from the docket of this Court.

The Clerk is directed to mail a certified copy of this Memorandum Order to all counsel of record.