WILSHIRE OIL CO., INC. ET AL. *v.* UNITED STATES ET AL.

No. 858. Briefs filed pursuant to order of April 9, 1935.—Decided April 29, 1935.

*Messrs. Robert B. Murphey* and *Wm. L. Murphey* were on the brief for Wilshire Oil Co. et al.

*Solicitor General Reed, Assistant Attorney General Stephens,* and *Messrs. Carl McFarland* and *M. S. Huberman* were on the brief for the United States et al.

PER CURIAM.

The Circuit Court of Appeals has certified to this Court the following questions:

"(1) Are the standards controlling the production of petroleum in the United States, which production affects (a) interstate commerce in petroleum, and (b) the national security and defense by prevention of waste of the natural resources of petroleum essential for the creation of power in the instruments used in such defense and in maintaining such security, sufficiently stated in the National Industrial Recovery Act to constitute legislation as a basis for the administrative regulation of such production?

"(2) Does the attempted creation of a code of fair competition for the petroleum industry under the provisions of Section 3 of Title I of the National Industrial Recovery Act, which code establishes definite and appropriate standards for the regulation of production of petroleum affecting interstate commerce and for preventing its waste as a natural resource contributing to the national defense and security, and authorizes administrative orders limiting the production of the individual producers to an amount less than they otherwise would be entitled to produce constitute the exercise of a legislative function which the Congress cannot delegate? "

The certificate, dated April 5, 1935, states that certain corporations engaged in the production of petroleum in California have appealed from an order of the District Court granting a preliminary injunction restraining them from producing crude petroleum from their respective wells in excess of amounts allocated by quotas and operating schedules ordered by the Administrator of the Code

of Fair Competition for the Petroleum Industry. This Court, by its order of April 9, 1935, afforded opportunity to counsel to file briefs upon the question whether the described appeal presents any question other than whether the District Court committed an abuse of discretion in granting an interlocutory injunction, referring to *Alabama* v. *United States,* 279 U. S. 229, and other decisions of this court. Counsel for the respective parties have filed briefs accordingly.

Meanwhile the Circuit Court of Appeals has amended its certificate so as to state that the appealing defendants had moved in the District Court to dismiss the bill of complaint upon the ground that it failed to state facts sufficient to constitute a cause of action and had filed an answer reserving that question; that the motion to dismiss was denied and exception reserved at the same time that the order for injunction was granted; that on the hearing in the District Court the question whether the creation of the Petroleum Code by the Executive constituted an exercise of an unlawful delegation of legislative power had been argued and that the contention of the appellants had been overruled. In that view the amended certificate submits that the certified questions are addressed to a power of the Court of Appeals on an appeal from the interlocutory order to decide the question as to the total absence of a cause of action.

This court is of opinion that, apart from the objectionable form of the certified questions, which are not aptly or definitely phrased, the question before the Court of Appeals upon the appeal from the interlocutory order is whether the District Court abused its discretion in granting an interlocutory injunction; that the Court of Appeals is not bound to decide, upon the allegations of the bill, an important constitutional question, as to which the Court of Appeals is in doubt, in advance of an appropriate determination by the District Court of the facts

of the case to which the challenged statute is sought to be applied.

Nor should this Court undertake to determine the constitutional validity of the statute upon such questions as those which have been certified. If this Court were to deal with the case in its present stage, it would be necessary to order up the entire record, so that the allegations of the bill, and the case as presented to the District Court, could be properly considered. That course would merely bring before this Court the interlocutory order and would result in unnecessary delay in the final determination of the cause. The certificate is therefore

*Dismissed.*