Roy BOGGS, Appellant,

v.

Robert RAINES, Warden, Oklahoma State Penitentiary, Appellee.

No. 6228.

United States Court of Appeals Tenth Circuit.

Dec. 23, 1959.

Jack I. Scheiman, Denver, Colo., for appellant.

Owen J. Watts, Asst. Atty. Gen. (Mac Q. Williamson, Atty. Gen. of Oklahoma, on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Appellant, presently an inmate at the Oklahoma State Penitentiary, complains of the refusal of the United States District Court for the Eastern District of Oklahoma to give relief through habeas corpus. The petitioner had earlier exhausted his remedy through the state courts of Oklahoma including an unsuccessful attempt to obtain certiorari to the United States Supreme Court. Boggs v. McLeod, 359 U.S. 916, 79 S.Ct. 593, 3 L.Ed.2d 578.

Appellant was first convicted in the Oklahoma state court of the offense of burglary in the second degree by a jury who designated the maximum punishment for such offense, seven years' confinement. Alleging error in the trial procedure appellant made a motion for a new trial and was granted such relief by the court on November 29, 1954. The verdict and sentence having been thus set aside the state then moved to dismiss the action and the case was dismissed on February 7, 1955. On February 3, 1955, appellant had been charged in a separate action with the offense of burglary in the second degree, a second and subsequent offense. This charge was based upon the same act of the accused as was the first action but adds the words "a second and subsequent offense" to establish the status of an habitual criminal under Oklahoma law. On May 5, 1955, a jury found appellant guilty as charged and designated the penalty to be 20 years' confinement, a sentence within the statutory limits for the offense. It is this sentence that appellant is now serving.

Although claim is made that such course of events constitutes double jeopardy, appellant's counsel concedes that no authority exists in support of such contention. And it is patent that the claim is without merit for upon the dismissal of the first action, after appellant had sought and obtained a new trial, that action became a nullity.

Counsel further points out that appellant is now serving a longer sentence than if he had submitted to the error of the first trial and the sentence then imposed; that a potential weapon of coercion lies in the hands of the prosecu-

**638**

tion which may force an accused to submit to an improper conviction upon threat of a more severe prosecution if he seeks relief from the improper conviction. Since there is no element of coercion in the instant case we will not, of course, consider what "might have been." This court reviews judgments, not arguments. And, secondly, it is fundamental that one who commits acts constituting two offenses has no inherent right to be charged with the lesser of the two offenses.

Affirmed.