**Daniel William GRUNDSTROM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35142.**

Court of Criminal Appeals of Texas.

Jan. 16, 1963.

Ryan & Griffitts by Thomas L. Ryan, Herbert H. Landau, Gene Barrington, Houston, for appellant.

Henry Wade, Dist. Atty., George Milner, Jim Miller and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, 25 years.

The appellant was identified as the person who came in to the Tower Hotel Courts about 3:30 A.M.; arrived with a pistol and with what appeared to be a yellow napkin over the lower part of his face. He pointed the cocked pistol at E. C. Habern, the night clerk, and said "Get up and get your money out of the cash drawer," and threatened to blow his head off if he did not hurry.

Appellant produced a brown paper sack and said "Hurry up and put the money in the sack."

Habern complied, and also surrendered to the man the money in his wallet.

The robber directed Habern and Rubin Gudino, the bell boy, to lie down on the floor and he left with the money.

A short time later police officers stopped a 1953 Mercury automobile in which appellant was a passenger. The driver was asked for his driver's license and said he did not have one.

While one of the officers was checking a "license suspension" list the other officer

searched the car and found a loaded .22 caliber pistol and a brown paper sack containing $220 in bills and $7.00 in change.

When confronted with the pistol and sack of money, the appellant told the officer "This other boy didn't have nothing to do with it."

In a police line up the next morning Habern, the night clerk, and Rubin Gudino, the "bell hop", identified appellant as the person who committed the robbery, and they identified him at the trial.

Appellant's brief presents as grounds for reversal the contention that the search of the automobile in which appellant was a passenger was unlawful, and the evidence obtained as a result thereof was inadmissible.

We find it unnecessary to pass upon the claimed error of the trial court in admitting the evidence relating to the search and the fruits thereof. Police Officer K. W. Heard testified, *without objection:*

"Q. All right, did you find anything in that Mercury that you took possession of?

"A. Yes sir, I did.

"Q. All right, first of all where did you find it?

"A. I found it, what I would call the righthand kick board of the car, it's below the glove-compartment, just—the fire wall, kick board; it's a paste board, between the body and the inside of the car. * * *

"Q. All right, now what did you find concealed behind that kick board?

"A. I found a pistol, a revolver; I found a brown paper sack containing bills and change, and a white handkerchief, inside there, between the body and the cardboard. * * *

"Q. All right, now then what did the boys or the men in the car say to you at that time?

"A. The person that was the passenger in the car told me, he says, 'This other boy didn't have nothing to do with it.' * * *

"Q. I show you what has been marked State's Exhibit No. 1 and ask you if you can identify that weapon?

"A. Yes sir, I can.

"Q. What was the first time you saw it?

"A. It was inside of the Mercury.

"Q. Behind the kick board that you told us about?

"A. Yes sir. * * *

"Q. I'll ask you whether or not you found any shells in the gun?

"A. Yes sir; the gun was fully loaded, nine rounds.

"Q. I show you what has been marked State's Exhibit No. 2. Identify, please, for the record what that is?

"A. That is a .22 caliber long shell."

Having completed his examination of the witness, the pistol (Exhibit 1) and the shell (Exhibit 2) were offered in evidence. Appellant was permitted to examine the witness in the jury's absence and the officer having testified that the driver was stopped because of a "loud muffler" and was under arrest for "loud muffler and no operator's license", appellant objected on the ground that the search and seizure were unlawful.

In view of the evidence above quoted, and the absence of any objection or motion to have it withdrawn, any error in the admission of the exhibits was waived and would not be ground for reversal. See Texas Digest, Criminal Law, ☞1169(2–a); Phillips v. State, 168 Tex.Cr.R. 463, 328 S.W.2d 873; Cruz v. State, 170 Tex.Cr.R. 611, 343 S.W.2d 457.

We observe that Art. 6701d, Sec. 153, Vernon's Ann.Civ.St. authorizes arrest without warrant for violation of any provision of said Article 6701d.

The judgment is affirmed.