**Wilbur E. GRAY, Petitioner,**

v.

**Carl HOCKER, Warden, Nevada State Prison, Respondent.**

**Civ. No. 1930–N.**

United States District Court
D. Nevada.

May 19, 1967.

---

Robert E. Rose, Reno, Nev., for petitioner.

Harvey Dickerson, Atty. Gen., State of Nevada, Carson City, Nev., for respondent.

## OPINION AND DECISION

THOMPSON, District Judge.

This is a petition for a writ of habeas corpus brought by Wilbur E. Gray, an inmate of the Nevada State Penitentiary.

On June 8, 1965, Petitioner was convicted by a jury on the charge of robbery, and on June 11, 1965, judgment was entered against him for the crime of robbery and he was sentenced to imprisonment in the State Prison for a term of not less than five years nor more than six years. On January 24, 1966, the Supreme Court of Nevada, entered an order granting Wilbur Gray's Petition for Habeas Corpus, this order stating that the robbery verdict and judgment entered against Wilbur Gray were void and of no effect and that Mr. Gray was illegally imprisoned at the State Penitentiary.

On January 26, 1966, Petitioner was sent from the Nevada State Prison to the Clark County Jail, immediately charged with the crime of robbery, and arraigned in Justice Court on or about January 29, 1966. This charged robbery was the same crime and offense with which Petitioner was previously charged which resulted in the void conviction on June 8, 1965, both robbery charges stemming from the alleged conduct of Petitioner on December 4, 1964. In February, 1966, the Petitioner was bound over to the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark. A trial date for the crime of robbery was set for April 24, 1966, but this trial was postponed. This robbery trial was rescheduled for May 23, 1966, but this trial date was again postponed. On May 23, 1966, Petitioner was asked whether he would plead guilty to a lesser charge, this charge being assault with intent to commit a crime. On the afternoon of May 23, 1966, Petitioner pleaded guilty to an amended complaint charging the crime of assault with intent to commit a crime and requested a probation hearing. At this time, Petitioner thought the time he had served would reduce any possible sentence he might receive under this lesser charge.

On June 14, 1966, Petitioner was denied probation and judgment was entered against him on that date, this judgment sentencing him to the State Prison for a term of not less than one nor more than two years for the crime of assault with intent to commit a crime.

From June 14, 1966 until the present time, Petitioner has been serving his sentence at the Nevada State Prison for the crime of assault with intent to commit a crime. From the day Petitioner began serving time because of the robbery conviction, June 11, 1965, until May 12, 1967, the date of the hearing on this Petition, Petitioner will have served seven hundred days in prison. N.R.S. 209.280 gives a prisoner four months statutory credit for a maximum two year sentence. This statute expressly states that a person sentenced for two years must serve only one year and eight months of that time since four months of good time credit is given the prisoner. As of May 12, 1967, Petitioner will have three months and twenty-five days of good time credit if this Court holds that he began serving his sentence as of June

11, 1965. In addition to the statutory credits, Petitioner has earned work time credit which would reduce his sentence by three months and fourteen days. If this Court holds that Petitioner began serving his sentence on June 11, 1965, Petitioner has served two years, six months and ten days for the crime of assault with intent to commit a crime as of May 12, 1967, this time including work time credits and statutory good time credits given. Petitioner.

On or about October 28, 1966, Wilbur Gray filed a Petition for Writ of Habeas Corpus with the Supreme Court of the State of Nevada, claiming that he was being deprived of his freedom in violation of due process and equal protection of the law as guaranteed by the United States Constitution. In this Petition, Wilbur Gray asserted that he was being illegally detained because the State did not give him credit for his imprisonment from June 11, 1965 to June 14, 1966, such time being served because of and by virtue of a void conviction of robbery. On November 2, 1966, the Supreme Court of Nevada denied the Petition for a Writ of Habeas Corpus.

On February 10, 1967, Wilbur Gray filed a Petition with the United States District Court for the District of Nevada claiming that he was being illegally detained in violation of his constitutional rights of due process, equal protection of the laws, and the protection against being twice placed in jeopardy for the same offense.

If the Court should hold that Petitioner is entitled to credit for time served under the void conviction for robbery, he will have more than fulfilled the term of the sentence under the subsequent conviction for assault with intent to commit a crime and is being illegally detained by the Warden of the Nevada State Penitentiary.

■■ The sentences in this case were pronounced under the then existing Nevada statutory scheme of indeterminate sentencing which contemplated, in most instances, that the sentencing court, having denied probation, would have no discretion with respect to the minimum term of imprisonment to be imposed but would simply read the prescribed statutory sentence from the statute violated. N.R.S. 176.180; Ex parte Melosevich, 36 Nev. 67, 133 P. 57. Nevada law also requires the term of imprisonment to begin on the date of sentence of the prisoner by the Court. N.R.S. 176.410.

The rigidity of this sentencing structure precluded the Clark County District Court from giving any consideration to the time Petitioner had served under the void robbery sentence when Petitioner was resentenced for the offense of assault with intent to commit a crime. Upon the second conviction, the Court was restricted to intoning: "You are committed to imprisonment in the state penitentiary for not less than 1 year or exceeding 2 years" (N.R.S. 200.400[2]).[1]

Thus our situation is different from that posed in other cases where the sentencing judge might, if he had been so disposed, have given credit for time served when the second sentencing judgment was rendered. Cf. Patton v. State of North Carolina (W.D.N.C.1966), 256 F.Supp. 225; Hill v. Holman (M.D.Ala. 1966), 255 F.Supp. 924. The inflexibility here is caused by the statutory admonition that the time of all sentences be computed from the date of their rendition. N.R.S. 176.410.[2]

1. A question has been raised whether this Petitioner was properly sentenced under subdivision (2) of the section cited rather than subdivision (1) calling for a sentence of from one to fourteen years. In this proceeding, however, we deem ourselves bound by the state court's interpretation of the amended information to which the guilty plea was entered and by the judgment and sentence actually rendered.

2. We note that the Bail Reform Act of 1966 has solved the problem for federal courts by providing: "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

Is this statute unconstitutional? We think it is, in the context of Nevada's indeterminate sentencing system, and as applied to the facts of this case, in that it denies to this Petitioner the equal protection of the laws and due process of law.

With respect to the equal protection of the laws under the admonition of the Fourteenth Amendment, we are concerned with two classes of convicted defendants, those who successfully invoke post-conviction remedies as opposed to those whose efforts in this area are unsuccessful or who make no effort. The statute applies inflexibly and without discrimination to all. May a State be required to classify, as contrasted with the normal situation where a classification made is attacked as arbitrary and unreasonable, to effect equal protection of the laws? The Supreme Court, in Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L. Ed. 891, answered this question in the affirmative. The Court there held that state rules governing appellate procedure were unconstitutional for failure to provide by separate classification for adequate appellate review at the behest of impoverished persons,[3] and said:

"But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty. Appellate review has now become an integral part of the Illinois trial system for finally adjudicating the guilt or innocence of a defendant. Consequently at all stages of the proceedings the Due Process and Equal Protection Clauses protect persons like petitioners from invidious discriminations. See Cole v. Arkansas, 333 U.S. 196, 201 [68 S.Ct. 514, 517, 92 L.Ed. 644]; Dowd v. United States ex rel. Cook, 340 U.S. 206, 208 [71 S.Ct. 262, 263, 95 L.Ed. 215]; Cochran v. [State of] Kansas, 316 U.S. 255, 257 [62 S.Ct. 1068, 1069, 86 L.Ed. 1453]; Frank v. Mangum, 237 U.S. 309, 327 [35 S.Ct. 582, 587, 59 L.Ed. 969]."

Mr. Justice Frankfurter, in his concurring opinion, said:

"The State is not free to produce such a squalid discrimination. If it has a general policy of allowing criminal appeals, it cannot make lack of means an effective bar to the exercise of this opportunity. The State cannot keep the word of promise to the ear of those illegally convicted and break it to their hope. But in order to avoid or minimize abuse and waste, a State may appropriately hedge about the opportunity to prove a conviction wrong. When a State not only gives leave for appellate correction of trial errors but must pay for the cost of its exercise by the indigent, it may protect itself so that frivolous appeals are not subsidized and public moneys not needlessly spent. The growing experience of reforms in appellate procedure and sensible, economic modes for securing review still to be devised, may be drawn upon to the end that the State will neither bolt the door to equal justice nor support a wasteful abuse of the appellate process.

"It follows that the petitioners must be accorded an appeal from their conviction, either by having the State

---

3. Mr. Justice Harlan, dissenting in *Griffin*, clearly articulated the novelty of this concept of equal protection:

"The Court thus holds that, at least in this area of criminal appeals, the Equal Protection Clause imposes on the States an affirmative duty to lift the handicaps flowing from differences in economic circumstances. That holding produces the anomalous result that a constitutional admonition to the States to treat all persons equally means in this instance that Illinois must give to some what it requires others to pay for. Granting that such classification would be reasonable, it does not follow that a State's failure to make it can be regarded as discrimination. It may as accurately be said that the real issue in this case is not whether Illinois *has* discriminated but whether it has a duty *to* discriminate."

furnish them a transcript of the proceedings in the trial court, or by any other means, of which we have not been advised, that may be available under Illinois law, so that the errors of which they complain can effectively be brought for review to the Illinois Supreme Court. It is not for us to tell Illinois what means are open to the indigent and must be chosen. Illinois may prescribe any means that are within the wide area of its constitutional discretion."

■ The analogy to us is clear. The inflexible Nevada sentencing system which requires the time for service of all sentences to be computed from date of imposition denies the equal protection of the laws to him who successfully asserts a post-conviction remedy while serving the initial sentence and is thereafter resentenced for the same offense or acts for which sentence was originally imposed.

The standards of due process of law are also affronted by such a system, even more so than under statutes which vest the sentencing judge with discretion to take all relevant factors including time already served, into consideration in imposing sentence. While this Court does not subscribe to the penal philosophy that incarceration is a quid pro quo for the offense committed and is a debt the defendant owes society, the realities are that even if penitentiary confinement is deemed the best available means of rehabilitation and reformation, the earlier service under the void sentence should have been effective toward those ends. It is "a denial of fundamental fairness, shocking to the universal sense of justice" (Betts v. Brady, 1942, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595), that a prisoner who has successfully voided the sentence then being served should be required to forfeit the months or even years of such incarceration as a condition to the exercise of his legal rights.

The argument that the offense to which this Petitioner pleaded guilty the second time (assault with intent to commit a crime) is different from the initial conviction for robbery is not persuasive because the record plainly shows that both charges were based on the same criminal acts. The second charge was an offense necessarily included in the crime of robbery. It is possible, of course, although no evidence so shows, that the Court and the District Attorney were willing to accept the plea to the lesser charge because they took into consideration the time served under the void conviction. But even if the evidence should conclusively affirm this, it would avail the State nothing because the present record is that Petitioner has never been found guilty of the crime of robbery and has been convicted only of the lesser offense of assault with intent to commit a crime as a result of the criminal acts which he performed on December 4, 1964. Under this record, the only sentence he could have been required to serve on account of his crime is a sentence of from one to two years.

■ Accordingly, we hold that the Nevada statute requiring all sentences to be computed from the date of "sentence of the prisoner by the court" (N.R.S. 176.410) is unconstitutional as applied to the facts here extant, that Petitioner must be given credit for time served under the earlier void sentence for the same criminal conduct, that Petitioner has served in full the sentence of from one to two years (the justification for the Warden's present detention), and Petitioner is entitled to be discharged.

It therefore is ordered, adjudged and decreed that the Petition for a Writ of Habeas Corpus be, and it hereby is, granted and that Respondent Carl Hocker, Warden of the Nevada State Prison, be, and he hereby is, ordered and directed forthwith to discharge Wilbur E. Gray from custody.