**Charles E. LOUDEN, Jr., Petitioner,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**No. C–67–30–E.**

United States District Court
N. D. West Virginia.

June 2, 1967.

**2**

C. Donald Robertson, Atty. Gen., of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner Charles E. Louden, Jr., is now serving a life sentence as an habitual offender. This sentence was imposed in the Circuit Court of Berkeley County, West Virginia, on May 21, 1960, after Louden had entered a plea of guilty to the offense of unarmed robbery. Louden now faces, at the end of the term he is now serving, an additional indeterminate sentence of not less than five nor more than eighteen years on his conviction for second degree murder of a prison inmate —an offense to which he also pleaded guilty on February 9, 1965.

Concerning the claims for federal habeas corpus relief reaching both the unarmed robbery conviction and the recidivist sentence,[1] there is no substance to the grounds on which the robbery conviction is attacked. With regard to the recidivist sentence, the Court finds that Petitioner has been denied due process and is entitled to relief under the holding of Mounts v. Boles, 326 F.2d 186 (4 Cir. 1963).

■ Louden raises two claims concerning his robbery conviction. The allegation that his plea of guilty was "inspired by the prosecutor's promise to my court-appointed counsel not to request that the court apply the recidivist punishment" is disproven by the transcript of the arraignment and sentencing proceedings of May 21, 1960, included as an exhibit with Respondent's answer.

The transcript reveals that, prior to accepting Louden's guilty plea, the trial court made it clear to Petitioner that the prosecutor was required by law to proceed against him as an habitual offender and that, with two prior felony convictions, Louden would receive a life sentence. Under the circumstances, even if it could be established that the prosecutor had promised not to prosecute Louden as a recidivist, it is clear that, *before* the guilty plea was entered, Louden was sufficiently advised by the trial court so that he could have been under no illusions.

A second complaint regarding the robbery conviction alleged that the indictment was for "*attempted* armed robbery," but that Louden pleaded guilty simply to unarmed robbery.

■ The copy of the indictment, submitted as Respondent's Exhibit Number 2, makes it clear, however, that the indictment does charge actual armed robbery and not attempted armed robbery. Therefore, the acceptance of a plea to the lesser included offense of unarmed robbery is unobjectionable. See West Virginia Code, Section 62–3–14 (Michie's ed. 1966) and State v. Howes, 26 W.Va. 110 (1885). See also State ex rel. Reed v. Boles, 148 W.Va. 770, 137 S.E.2d 246 (1964).

Petitioner raises two claims concerning the propriety of his recidivist proceeding, which led to the imposition of the life sentence he is now serving. His first claim is that he neither had counsel nor was offered counsel at the time of the two earlier felony convictions relied on in the recidivist information filed pursuant to West Virginia Code, Section 61–11–19 (Michie's ed. 1966).

Although Respondent alleged in his answer that Petitioner did in fact have counsel on both occasions and indicated he would file an amended answer as soon as he could obtain conclusive evidence, the Court need not consider this claim, since we find merit in Petitioner's second claim that he was not "duly cautioned" as required by the above statute

---

1. Petitioner also complains about the validity of the indictment for the murder of the prison inmate. The Court does not consider this claim against the second degree murder conviction, the sentence for which Petitioner has not yet begun to serve, since Petitioner admits, in his answer to Question 23 of the petition form, that he has not exhausted his state remedies with respect to this claim.

and the dictates of due process. Mounts v. Boles, 326 F.2d 186 (4 Cir. 1963).

The *Mounts* case laid down the fcllowing prerequisites for the acceptance of a defendant's admission that he is an habitual offender, 326 F.2d at 188:

> To satisfy the minimum requirements of fundamental fairness under the circumstances the prisoner should have been told of his right to admit, or to deny, or remain silent and have the issue of his identity submitted to a jury. Furthermore, he should have been told that the consequences of his admissions would be a mandatory life sentence.

■ From an examination of Respondent's Exhibit Number 1, a transcript of the recidivist proceedings, the Court. finds that the trial judge failed to caution the Petitioner that he had the right to stand mute, or deny the charge of prior felonies and have a jury determine the question of identity. As noted earlier, the court did warn Louden that a mandatory life sentence would follow a finding that he was a thrice-convicted felon.

Respondent argues that the trial court's warning was "in substantial compliance with West Virginia law." Perhaps, Respondent has in mind the recent case of State ex rel. Combs v. Boles, W. Va., 151 S.E.2d 115 (1966) where the West Virginia Supreme Court of Appeals found "substantial compliance" with the statute "thereby affording to the petitioner due process of law and the preservation of his substantial rights." 151 S.E.2d at 120.

However, in *Combs*, unlike the present case, the petitioner had been advised of his right to jury trial. The United States Court of Appeals for this Circuit reached a similar result in Crabtree v. Boles, 339 F.2d 22 (4 Cir. 1964). It should be noted further that in both *Combs* and *Crabtree* although the petitioners had not been advised by the trial courts of the specific sentence which would be imposed, there was no doubt that the petitioners did, in fact, know the exact sentence that would be given. Thus, neither case can be read as indicating a willingness to dispense with the requirement that trial courts must advise defendants charged as recidivists with the mandatory sentence they face.

In any event, the Court finds no evidence to indicate that the requirement that defendants be warned of their right to a jury trial is being abandoned. If anything, a more stringent view is reflected in such cases as State ex rel. Beckett v. Boles, 149 W.Va. 112, 138 S.E.2d 851 (1964), and Hooker v. Boles, 346 F.2d 285 (4 Cir. 1965). In each of these cases recidivist sentences were voided, despite the fact that petitioners had been cautioned by trial counsel, because the *trial court itself* had not cautioned the petitioners.

■ Although the life sentence as an habitual offender has been found invalid, since the Court finds no validity in Louden's claims regarding his unarmed robbery conviction, there is no reason why Petitioner may not now be sentenced for that offense.[2]

Accordingly, an order will be entered voiding only his recidivist sentence.

---

2. West .Virginia Code, Section 61–2–12 (Michie's ed. 1966) indicates that the sentence for unarmed robbery is an indeterminate one of not less than five nor more than eighteen years. Louden has served over seven years since the date he pleaded guilty to that offense. If the State chooses to return Petitioner to the trial court for sentencing, Louden must receive credit for time served since May 21, 1960. See Patton v. State of North Carolina, 256 F.Supp. 225, 236 (W.D. N.C.1966), and Holland v. Boles, 269 F.Supp. 221 (N.D.W.Va., February 15, 1967).