Robert Felton MOORE, Appellant,

v.

A. L. DUTTON, Warden, Georgia State Prison, et al., Appellees.

No. 25644.

United States Court of Appeals
Fifth Circuit.

May 21, 1968.

Corrected Opinion July 5, 1968.

A. Blenn Taylor, Jr., Brunswick, Ga., Murray M. Silver, Atlanta, Ga., for appellant.

Mathew Robins, Asst. Atty. Gen., William R. Childers, Jr., Asst. Atty. Gen., Atlanta, Ga., Arthur K. Bolton, Atty. Gen., G. Ernest Tidwell, Executive Asst. Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., for appellees.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

The appellant, who alleges that he is an indigent Negro, filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Georgia in which he alleged that his conviction and death sentence for the crime of murder are illegal because his state court conviction was obtained by the use of a coerced confession; that he was unlawfully deprived of his right to counsel; and that members of the Negro race were systematically and unconstitutionally excluded from the grand jury which indicted him and the trial jury which found him guilty. He was tried and convicted in the Superior Court of Camden County, Georgia and sentenced to death by electrocution. We reverse and remand.

The United States District Court did not hold a plenary hearing with respect to the allegations of the petitioner. The record before us strongly indicates that the United States District Court did not examine and consider the state court record of the appellant's conviction or the state court record of the hearing held on his petition for writ of habeas corpus in the state court. On oral argument

counsel for the appellee, evidently realizing that serious federal constitutional questions have been raised by the petition in the federal district court, forthrightly conceded that this cause should be reversed and remanded to the United States District Court for the Southern District of Georgia for a hearing.

Upon remand the United States District Court will examine the state court records involved for the purpose of making an independent determination whether the appellant has been deprived of any of his federal constitutional rights as claimed in his petition if such records are sufficient for that determination. If it is decided that the state court records are insufficient, the district court will hold a plenary hearing with respect to the alleged denial of such federal constitutional rights and render a decision dealing with the several allegations of the appellant's petition.

Pending a final determination of the issues presented in the federal courts, including appellate review, if any, it is hereby ordered that the execution of the sentence of death imposed upon the appellant be and the same is hereby stayed and postponed.

The mandate in this case shall be issued immediately and the Clerk of this Court is directed to give notice of this decision and the mandate of this court to the appellee as soon as this decision is released and the mandate is issued.

Reversed and remanded.

### CORRECTED OPINION

PER CURIAM:

Since the release of our opinion in this case another panel of this Court has decided the case of Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731. While there are distinctions between the issues presented to us in this case and those presented in the *Peters* case, we thoroughly approve of the procedure outlined in the *Peters* case and consider it to be appropriate in the case at hand. Accordingly, upon remand, if it is determined by the district court that a further factual hearing is to be held;

and if such hearing has not been commenced in the United States District Court for the Southern District of Georgia prior to the receipt of this corrected opinion, it is our conclusion that such factual hearing should be held in the Georgia Courts under Georgia's new post-conviction procedure. Habeas Corpus Act of 1967, Act. No. 562 (S.B. 171), Ga.Laws pp. 835–839, 1967 Sess., approved April 18, 1967, reproduced as an appendix to McGarrah v. Dutton, 5 Cir. 1967, 381 F.2d 161, 166.

Except as herein corrected, our opinion shall remain unchanged.