The **STATE OF TEXAS** et al., Appellants,

v.

**Daniel GRUNDSTROM,** Appellee.

**No. 25423.**

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1968.

---

Robert E. Owen, Asst. Atty. Gen., Austin, Tex., William F. Alexander, Asst. Dist. Atty., Dallas, Tex., for appellants.

Charles Alan Wright, Austin, Tex., Luther E. Jones, Jr., Corpus Christi, Tex., Warren Burnett, Odessa, Tex., for appellee.

Before RIVES, GEWIN and THORN-BERRY, Circuit Judges.

GEWIN, Circuit Judge:

Grundstrom's petition for a writ of habeas corpus was granted by the United States District Court for the Northern District of Texas and the State of Texas perfected an appeal. Thereafter the State filed with this court a motion to dismiss the appeal. Grundstrom filed no objections to the State's motion to dismiss, but requested this court to impose certain conditions upon the dismissal. We grant the State's motion to dismiss but decline to impose the requested conditions.

On February 22, 1962, Grundstrom was convicted by a jury of robbery in the Criminal District Court No. 3 of Dallas County, Texas. The jury assessed his punishment at 25 years imprisonment. Grundstrom appealed his conviction to the Texas Court of Criminal Appeals claiming that evidence used at his trial had been seized in violation of the fourth and fourteenth amendments. The state court held that Grundstrom had waived his right to challenge the admissibility of the evidence by virtue of his counsel's failure to make timely objection to the testimony. Grundstrom v. State, 363 S.W.2d 945 (1963). Subsequently, Grundstrom sought a writ of habeas corpus in the Texas Court of Criminal Appeals claiming that his conviction was tainted by evidence seized in violation of his constitutional rights and that he did not waive his right to challenge this evidence. The court denied the petition without opinion.

On April 18, 1966, he filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Texas. The proceeding was transferred to the Northern District pursuant to 28 U.S.C. § 2241(d) as amended September 19, 1966. On August 4, 1967, the district court filed an opinion holding that evidence obtained in violation of the fourth and fourteenth amendments had been improperly admitted and that Grundstrom had not waived his right to object to the evidence. Grundstrom v. Beto, 273 F.Supp. 912 (N.D.Tex.1967). Consequently, the court by its order on August 24, 1967, granted Grundstrom's petition for habeas corpus with the proviso that "issuance of the writ and accordant discharge will be stayed for sixty (60) days, in order to permit the State of Texas, if it so desires, to retry the petitioner." A motion by the State for reconsideration was heard on September 8, 1967, and denied, with memorandum, on September 18. Grundstrom v. Beto, supra at page 922.

The State of Texas filed its notice of appeal to this court on September 22, 1967, and on October 20 the district court on application of the State, stayed its order of August 24 "pending perfection and determination of said appeal. * * *" On October 24 while the

State's appeal was pending in this court, a new indictment was returned against Grundstrom by the Dallas County Grand Jury. The new indictment charged Grundstrom with the identical offense of robbery charged in the original indictment, but in addition, it contained enhancement averments that, on conviction, would make a life sentence mandatory under Vernon's Ann.Texas Penal Code, Art. 63.

On January 2, 1968, the new indictment was brought on for trial. The case was passed due to the pendency of the appeal. Thereafter, on January 4, 1968, the State filed with this court a motion to dismiss its appeal. Then the State, on January 8, again brought on the new indictment for trial and once again the state court passed it because of the pendency of the appeal. This court by order of January 16 assigned the State's motion to dismiss its appeal to a regular panel of this court for hearing.

■ As stated earlier, Grundstrom does not object to the motion to dismiss, but seeks a conditional dismissal. Specifically, he asks us to provide that he not be retried. Such request is made on the theory that the State of Texas was guilty of bad faith in appealing the judgment of the district court, and since Texas did not retry him within the 60 days allowed by the court's order of August 24, he cannot now be retried. Alternatively, Grundstrom asks that we provide that if he is retried, such retrial be on the original charge, that he not be subject to any sentence more severe than the 25 year sentence originally imposed and that he be given credit for the time he has served under his 1962 conviction. This position was not taken by Grundstrom in the district court but is presented on this appeal for the first time.

Grundstrom relies heavily on the Fourth Circuit case of Patton v. State of North Carolina, 381 F.2d 636 (4 Cir. 1967), and unquestionably it may be argued that the decision in that case is respectable authority for his contentions, although the facts in Patton differ

from those presented by the record in the instant case. Patton was first convicted without counsel and was given a 20 year sentence of which he served five years. Upon his second trial he was represented by counsel as required by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963) but was again convicted and given another 20 year sentence. When his case reached the Fourth Circuit, *Patton had already experienced what Grundstrom now fears*. In *Patton* the court did not anticipate the existence of constitutional questions and then render an opinion on such anticipated issues. In view of the fact that he had been retried and resentenced the issues presented were ripe for decision. Grundstrom asks us to assume the existence of facts and circumstances which do not exist and indeed, may never actually occur. The record in the case sub judice does not present issues of due process, equal protection and double jeopardy as was true in *Patton*.

Grundstrom also contends that his position is supported by the rationale of cases decided in other circuits. See United States v. White, 382 F.2d 445 (7 Cir. 1967); United States ex rel. Starner v. Russell, 378 F.2d 808 (3 Cir. 1967); Walsh v. United States, 374 F.2d 421 (9 Cir. 1967); Marano v. United States, 374 F.2d 583 (1 Cir. 1967); United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2 Cir. 1965); United States v. Adams, 362 F.2d 210 (6 Cir. 1966). He further claims that his contentions fall within the spirit and meaning of Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119 (1957).

The State of Texas admits that Patton v. State of North Carolina, supra, tends to support Grundstrom's contentions but it distinguishes all the other cited cases and claims that they more nearly support the position of the State. Moreover, the State distinguishes Green v. United States, supra, and contends that Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919) supports its

position. The State also relies on the Tenth Circuit cases of Newman v. Rodriguez, 375 F.2d 712 (10 Cir. 1967) and Boggs v. Raines, 273 F.2d 636 (10 Cir. 1959) as well as Hayes v. United States, 102 U.S.App.D.C. 1, 249 F.2d 516 (1957).

After much careful and prolonged thought concerning the several issues raised by Grundstrom, we feel that it is inappropriate for us to rule on constitutional questions which are not actually presented. Though Grundstrom strongly urges us to decide the constitutional questions he has raised and forcefully contends that we have the power to do so under 28 U.S.C. § 2243 wherein it is stated that the court shall "dispose of the matter as law and justice require," we think it is in the best interest of federal-state relations to decline and to allow the State of Texas to speak initially on these issues. See State of Texas v. Payton, 390 F.2d 261 (5 Cir. 1968). We have no doubt but that the State of Texas is competent to protect and will adequately protect all of Grundstrom's constitutional rights. See Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731 [June 1968]; Moore v. Dutton, 5 Cir.

1968, 396 F.2d 782 [May 21, 1968]; Clarke v. Grimes, 374 F.2d 550, 552 (5 Cir. 1967).[1] We note that the State of Texas has recently broadened its post-conviction remedy, habeas corpus, which is available to Grundstrom, if re-convicted, to attack such conviction or any or all of the constitutional issues presented to us if such issues actually arise. The Federal Courts have no monopoly or "corner on the market" with respect to deciding Federal Constitutional issues. Indeed, state courts may be called upon to decide such issues more often than the federal judiciary, there are vastly more state courts than federal ones and federal constitutional issues are constantly arising in state court proceedings.[2] In our view, Texas has made a good faith effort to protect the federal constitutional rights of its convicted defendants. See Texas v. Payton, supra.[3] Consequently, we are of the opinion that under the facts and circumstances of this case, it would be premature for this court to decide the questions raised in response to the State's motion. Although this court has recognized the existence of the problem here presented, we have not ruled upon it. See Edge v. Wainwright, 347

1. In *Grimes* this Court stated:
"Perhaps it should therefore be predicted that the Georgia courts will again hold in this case, should a habeas corpus petition be filed there, that selection of the jury was not constitutionally void because the jurors were qualified on the issue of capital punishment and those opposed were excused for cause. Nevertheless, in the exercise of comity and good federalism, as well as proper federal-state relations, the Georgia state courts should first have an opportunity to rule on this question as presented in this case. It would be unseemly in our dual system of government under these circumstances for a federal court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L. Ed. 761 (1950)."

2. The following is from Grundstrom's initial brief filed in this Court:
"There is no suggestion here that the Texas Court of Criminal Appeals is inhospitable to federal constitutional claims. History is conclusively to the contrary. But it would be equally mistaken to suppose that it has any special competence, greater than that of this Court, in interpreting the Constitution of the United States."

3. In our recent *Payton* decision we stated:
"In short, our disposition of this case requiring Payton to reapply for relief to the State court in which he was convicted reaffirms and strengthens the policies implicit in 28 United States Code § 2254 and in Article 11.07, Texas Code of Criminal Procedure (1965), as amended, and as interpreted by both Federal and State Judges sitting in Texas; that the State court in which an applicant was convicted is best able to determine disputed issues of fact presented in an application for a Writ

F.2d 190 (5 Cir. 1965).[4] See also Zaffarano v. Blackwell, 383 F.2d 719, 721 (5 Cir. 1967); Beufve v. United States, 374 F.2d 123, 125 (5 Cir. 1967). Recently in a different factual situation this Court approved an increased sentence. Odom v. United States, 403 F.2d 45 (5th Cir. 1968).

Our dissenting brother seems to have concluded that the only way Grundstrom will receive fair treatment in the state courts of Texas is for him to be acquitted and thus render all questions moot. We are unable to follow this line of reasoning. Other results may follow the trial. The fact that the District Attorney at Dallas has twice called the case for trial pending this appeal points up and emphasizes the pertinent fact that in both instances the state court judge postponed the trial. Actually he may never be tried on the new indictment; but if he is and if he is convicted and if that conviction is affirmed, there is available to him a new, adequate and ample state post-conviction remedy. Comity is not the only principle involved. Federal courts have pointedly indicated the desirability of having states provide adequate and modern post-conviction remedies. Many of them have done so, and no one can question the fact that Texas has enacted an excellent procedure, which this court has expressly approved. See Texas v. Payton, supra.

We make no pre-judgment, but we can not assume that the Texas courts will fail to consider the distasteful circumstances revealed by the facts in the *Patton* case, or will fail to consider the rationale of that decision with respect to due process, equal protection and double jeopardy. Our dissenting brother is of the opinion that the *Patton* case has clearly resolved the constitutional issues now raised by Grundstrom. However, we do not agree that the *Patton* case is conclusive authority which requires us to consider and resolve the issues which Grundstrom contends are present, and we express no view on the merits of those questions.

■ Generally courts do not *anticipate* questions of serious constitutional import but wait until a case is presented which *requires* a decision of the constitutional issue. Moreover, courts will not grasp a constitutional question for decision even though properly presented, if there is also present some other legitimate ground upon which the case can be decided. As was stated by Mr. Justice Brandeis in his well-known and often cited concurring opinion (dissenting in part) in Ashwander v. TVA, 297 U.S. 288, 346–347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936):

"The Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.' Liver-

of Habeas Corpus by a State prisoner, and that such state court is at least co-equal with Federal courts in its duties and responsibilities in the administration of federal constitutional law."

4. The court observed that Edge had served 12 years of a 15 year sentence and that the question of retrial and giving credit for time already served against any subsequent sentence would likely arise upon remand. The court then stated at page 194 of 347 F.2d:

"The question is a knotty one which should be considered by the appellant and the counsel who will represent him upon remand. We express no opinion on whether it would be a denial of due process for the State to reincarcerate Edge for the same offense, if he is

successful in obtaining habeas corpus relief, without any credit for the twelve years he has already served. The spectre of Edge's being subjected to as much as twenty more years of prison is such, however, that we feel constrained expressly to allude to the problem."

Subsequent to the oral argument in this case, this court has held in accord with Patton v. State of North Carolina, 381 F.2d 636 (4 Cir. 1967), Simpson v. Rice, 396 F.2d 499 (5 Cir. 1968) cert. granted 393 U.S. 932, 89 S.Ct. 292, 21 L.Ed.2d 268. In this context, the *Rice* case adds nothing to the principles established in *Patton* because Rice, like Patton, had already experienced what Grundstrom seeks to anticipate.

pool, N. Y. & P. S. S. Co. v. Emigration Comrs., 113 U.S. 33, 39 [5 S.Ct. 352, 28 L.Ed. 899, 901]; Abrams v. Van Schaick, 293 U.S. 188 [55 S.Ct. 135, 79 L.Ed. 278]; Wilshire Oil Co. v. United States, 295 U.S. 100 [55 S.Ct. 673, 79 L.Ed. 1329]. 'It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.' Burton v. United States, 196 U.S. 283, 295 [25 S.Ct. 243, 49 L.Ed. 482, 485].

"The Court will not 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.' Liverpool, N. Y. & P. S. S. Co. v. Emigration Comrs., 113 U.S. 33 [5 S.Ct. 352, 28 L.Ed. 899], supra. Compare [City of] Hammond v. Schappi Bus Line, 275 U.S. 164, 169–172 [48 S.Ct. 66, 72 L.Ed. 218, 220–222].

"The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. This rule has found most varied application. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."

These classic statements have met with approval in numerous instances. Clay v. Sun Ins. Office Limited, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960); United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Lone Star Motor Import, Inc. v. Citroen Cars Corp., 288 F.2d 69 (5 Cir. 1961); Estep v. United States, 316 F.2d 767 (9 Cir. 1963); Bauers v. Heisel, 361 F.2d 581 (3 Cir. 1965), cert. den. 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967).

The motion of the State of Texas to dismiss its appeal in this case is hereby granted.

Appeal dismissed.

THORNBERRY, Circuit Judge (dissenting):

Invoking our power under 28 U.S.C. § 2243 to dispose of habeas corpus petitions "as law and justice require," I would dismiss the State's appeal with the proviso that if Grundstrom be retried it be on the original charge, that he not be subject to any sentence greater than that first imposed, and that he be given credit for time served under the 1962 conviction. I must respectfully dissent from this Court's dismissal of the appeal without qualification.

The argument that we should pretermit discussion of the constitutional issue and leave its initial resolution to state courts is especially persuasive in this case because there is concededly a chance appellee will be acquitted even if retried under the new indictment, thereby mooting the issue.[1] Nevertheless, I do not believe the principle of comity relied on by the majority should be decisive because federal decisions make it clear to me that a conviction under a new indictment containing an enhancement provision would be constitutionally impermissible. Where

---

1. While I do not find the possibility of acquittal to be a compelling reason for avoiding the constitutional issue, I would feel differently about this case if I were confident that Texas law provided Grundstrom with a procedure for testing the constitutionality of a new indictment prior to trial. The State suggests that Ex parte Sanford, 163 Tex.Cr.R. 160, 289 S.W.2d 776 (1956) affords such an avenue of relief, but in that case the court held that habeas corpus would lie after indictment and prior to trial where the defendant is charged under a void statute. Such would not be the case here. Moreover, Ex parte Oliver, 374 S.W.2d 894 (Tex.Crim.App.1964) seems to foreclose the use of habeas corpus after indictment and prior to trial in the usual case where an indictment is regularly presented in a court of competent jurisdiction and there is a valid law under which the prosecution can be maintained.

the relevant constitutional issue for all practical purposes has already been resolved, there is no sound reason for a federal court in a later case to leave initial determination of this issue to state courts.[2]

In January of this year, the District Attorney of Dallas County twice attempted to bring Grundstrom to trial on a new indictment containing enhancement averments that, on conviction, would make a life sentence mandatory. In view of the State's obvious desire to obtain an increased sentence on retrial, I do not believe it is premature for us to consider whether an increased sentence would be constitutional. That appellee may ultimately be acquitted is beside the point: If the constitutional law is clear, the State has no legitimate interest in burdening him with a trial under the new indictment. In my judgment, Patton v. State of North Carolina, 4th Cir. 1967, 381 F.2d 636, cert. denied, 1968, 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871, presents unanswerable constitutional objections to an increased sentence or denial of credit for time served on retrial where the original conviction has been set aside on collateral attack because of constitutional errors. First, the court said that any increase in the original sentence would constitute double punishment for the same offense in violation of the fifth amendment. This conclusion is supported by authorities suggesting that once service of the original sentence has commenced, as in the instant case, there can

be no increase. E. g., Ex parte Lange, 1873, 85 U.S. (18 Wall) 163, 21 L.Ed. 872; United States v. Sacco, 2d Cir. 1966, 367 F.2d 368; United States v. Adams, 6th Cir. 1966, 362 F.2d 210; Kennedy v. United States, 9th Cir. 1964, 330 F.2d 26; Ekberg v. United States, 1st Cir. 1948, 167 F.2d 380. Second, the court said that to require a defendant to risk an increased sentence as a price of exercising postconviction remedies unduly fetters the use of those remedies and thus violates due process. See Griffin v. People of the State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055; see also Marano v. United States, 1st Cir. 1967, 374 F.2d 583; Alstyne, In Gideon's Wake: Harsher Penalties and the "Successful" Criminal Appellant, 76 Yale L.J. 603 (1965). Finally, *Patton* holds that an increase violates the equal-protection clause of the fourteenth amendment because the threat of harsher punishment falls solely on those who seek correction of their sentences by postconviction remedies, thus creating an irrational basis for selection of the class on which the burden falls and an irrational means of effectuating any valid state policy. See Whaley v. State of North Carolina, 4th Cir. 1967, 379 F.2d 221; Whalen, Resentence Without Credit for Time Served: Unequal Protection of the Laws, 35 Minn.L.Rev. 239 (1951).[3]

The Fourth Circuit's decision in *Patton* is echoed by a number of district courts. Kelly v. State of North Carolina, E.D.

---

2. The majority place primary reliance on Clarke v. Grimes, 5th Cir. 1967, 374 F. 2d 550, and Edge v. Wainwright, 5th Cir. 1965, 347 F.2d 190, but at the time each of those cases was decided, the relevant constitutional issue was unresolved at the federal level. Hence, initial determination of the issue was properly left to the state forum. Clarke v. Grimes involved the question of whether jurors in a capital case who have scruples about the death penalty can be excused for cause. Edge v. Wainwright involved credit for time served under a void sentence, but the case was decided before recent developments in this area.

I do not read State of Texas v. Payton, 5th Cir. 1968, 390 F.2d 261 to require the result reached by the majority. To repeat, in the instant case the facts and law are clear.

3. *Patton* and other cases in the increase-of-sentence area are discussed in Castle v. United States, 5th Cir. 1968, 399 F.2d 642 [August 12, 1968]. The Court did not expressly approve *Patton* as it was held to be inapplicable. We concluded that the Appellant Castle simply had not been subjected to an increase of sentence when he was resentenced by the district court.

N.C.1967, 276 F.Supp. 200; Holland v. Boles, N.D.W.Va.1967, 269 F.Supp. 221; Louden v. Boles, N.D.W.Va.1967, 269 F.Supp. 1; Gray v. Hocker, D.Nev. 1967, 268 F.Supp. 1004; Gainey v. Turner, E.D.N.C.1967, 266 F.Supp. 95; Hill v. Holman, M.D.Ala.1966, 255 F. Supp. 924. Also, recent state cases have taken a similar view. People v. Ali, 1967, 66 Cal.2d 438, 57 Cal.Rptr. 348, 424 P.2d 932; People v. Henderson, 1963, 60 Cal. 2d 482, 35 Cal.Rptr. 77, 386 P.2d 677; Moore v. Buchko, 379 Mich. 624, 154 N.W.2d 437 (1967); State v. Turner, 429 P.2d 565 (Oregon 1967). This Circuit has adopted a qualified version of *Patton* set forth in a district court opinion by Judge Frank Johnson of the Midddle District of Alabama. See Rice v. Simpson, M.D.Ala.1967, 274 F.Supp. 116, aff'd, 5th Cir. 1968, 396 F.2d 499, cert. granted, 393 U.S. 932, 89 S.Ct. 292, 21 L.Ed.2d 268. In light of this case, I understand the rule of our Court to be that an increase of sentence on retrial is unconstitutional unless justification for the increase appears in the record.[4]

Admittedly, there are cases to the opposite effect, including the much criticized Stroud v. United States, 1919, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103; but cases supporting the invalidity of an increased sentence or denial of credit on retrial where the original sentence has been set aside by collateral attack are numerous, recent, and impeccably reasoned. To me the trend is clear and correct. Moreover, I find strong intimations that the Supreme Court would approve this trend in United States v. Ewell, 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627, and in Green v. United States, 1957, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119. My conclusion is that the new indictment on which the State has twice attempted to retry Grundstrom is invalid under existing law and should be so declared by this Court. To avoid this decision on the ground that the problem will either vanish or be resolved by another court on another day is surely not required by principles of comity.[5]

---

4. Other courts have taken the qualified position that a trial judge can increase the original sentence on retrial only if he provides a rational predicate for the increase either by articulating his reasons or by including in the record the data on which he relied. United States v. White, 7th Cir. 1967, 382 F.2d 445, 450; Patton v. North Carolina, W.D.N.C. 1966, 256 F.Supp. 225. Another view is that unless the defendant can establish personal hostility on the part of the sentencing judge there is no basis for disallowing an increase. Shear v. Boles, N.D.W.Va.1967, 263 F.Supp. 855. The qualification to *Patton* adopted by this Court in Simpson v. Rice, 5th Cir. 1968, 396 F.2d 499 would not affect the *instant case because the new indictment* against Grundstrom makes a life sentence mandatory in the event he is convicted by a jury. Thus, the qualification that a trial judge has discretion to increase

a sentence under certain circumstances is inapplicable.

5. Since the invalidity of the new indictment is so apparent as to justify a decision to that effect at this stage, I regard it as wasteful and harmful to Grundstrom to force him to trial on it. Harm to him will be minimal if he is acquitted or even if the Texas Court of Criminal Appeals recognizes the invalidity of the new indictment on direct appeal but will assume alarming proportions if he is denied relief by state courts and forced to resort once again to federal courts sitting in habeas corpus. In this regard, I note that the odds are somewhat against appellee if he is convicted, for the Texas Court of Criminal Appeals held in 1966 that it was without power to give credit for time served under a sentence vacated on collateral attack. Ex parte Ferrell, 406 S.W.2d 440, 441 (Tex.Crim.App.1966).