# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2008

Charles R. Fulbruge III
Clerk

No. 08-10282
Summary Calendar

ROBERT BROWN

Petitioner-Appellant

v.

DAVID JUSTICE, Warden, Bureau of Prisons

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CV-179

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Brown, federal prisoner # 42463-054, appeals the district court's dismissal of a 28 U.S.C. § 2241 petition seeking his placement in home confinement or a community correctional center (CCC). Brown's § 2241 petition asserts that the federal Bureau of Prisons (BOP) has the discretion to place him in home confinement or a CCC under 18 U.S.C. § 3621(b) and that this discretion should be exercised because he has served "a reasonable amount of time" and his elderly mother is caring for his two children. The petition contains several cites

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), in support of Brown's arguments. In Woodall, the Third Circuit invalidated a set of 2005 BOP regulations that prohibit the BOP from considering an inmate for transfer to a CCC before the last 10 percent or 6 months of his sentence. 432 F.3d at 244-45. It concluded that the regulations were incompatible with the requirement in § 3621 that the BOP consider five factors in making an individualized determination of whether a prisoner is eligible for placement in a CCC, without temporal constraints. Id. at 244-45, 247-51. In his petition, Brown complains that the warden of his prison has a "practice of not complying with [Woodall]."

Giving liberal construction to Brown's pleadings, see Johnson v. Quarterman, 479 F.3d 358, 359 (5th Cir. 2007), the district court should address in the first instance his challenge to the BOP's application of the 2005 regulations. The court should consider whether Brown's claim is affected by Congress's recent amendment to 18 U.S.C. § 3624 in the Second Chance Act of 2007, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692-93 (April 9, 2008), and any regulations issued pursuant to the amendment.

Brown also raises for the first time a challenge to the application of the 2005 regulations under the Ex Post Facto Clause. We defer consideration of this issue until the statutory questions have been resolved. See United States v. Jackson, 313 F.3d 231, 233 n.2 (5th Cir. 2002) ("We will 'not grasp a constitutional question for decision even though properly presented, if there is also present some other legitimate ground upon which the case can be decided.'")(quoting State of Texas v. Grundstrom, 404 F.2d 644, 648 (5th Cir. 1968)). We will not consider Brown's further assertion that the BOP denies "PSI's" to prisoners and commits extortion in the collection of fees and fines. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.")(internal quotations and citation omitted).

The judgment of the district court is vacated and the case is remanded for proceedings consistent with this opinion.

VACATED and REMANDED.